458 A.2d 935
COMMONWEALTH of Pennsylvania, Appellee,

v.

Albert GLOVER, Appellant.

Supreme Court of Pennsylvania.

Submitted March 11, 1983.

Decided April 27, 1983.

526

George B. Angell, Port Allegheny, for appellant.

Marion E. MacIntyre, Harrisburg, Jeffrey E. Leber, Dist. Atty., Coudersport, for appellee.

Before SAMUEL J. ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

LARSEN, Justice.

On October 7, 1976, appellant, Albert Glover, was convicted by a jury of aggravated assault. Motions for a new trial and arrest of judgment were filed on October 13, 1976 but

were withdrawn on March 31, 1977. On April 20, 1977, appellant was sentenced to a term of imprisonment of eighteen to thirty-six months.

On May 25, 1977, the trial court granted appellant's motion to vacate sentence and reinstate post-verdict motions. The record discloses no further action on appellant's post-verdict motions until August 27, 1980, some 37 months after post-verdict motions were reinstated.[1]  On this date, appellant filed a motion to dismiss the charges against him, arguing that the delay by the trial court in disposing of his post-verdict motions violated Pa.R.Crim.P. 1122 and the Sixth Amendment of the United States Constitution. This motion was denied on February 9, 1981.

On March 25, 1981, oral argument was held on appellant's post-verdict motions. Appellant's post-verdict motions were denied on April 29, 1981, and appellant was sentenced on June 24, 1981 to a term of imprisonment of six to twenty-three months. The judgment of sentence was affirmed by the Superior Court, 303 Pa.Super. 229, 449 A.2d 662, and this Court granted appellant's petition for allowance of appeal.

■  Appellant first contends that the 49 month delay between the date on which his post-verdict motions were reinstated and the date on which he was sentenced violated the speedy trial provision of the Sixth Amendment.[2]  Neither this Court nor the United States Supreme Court has expressly held that the disposition of post-verdict motions or sentencing is a part of trial for Sixth Amendment purposes. However, we will assume arguendo that disposition of post-verdict motions and sentencing are a part of trial for pur-

1.  Appellant contends that oral argument was held on his post-verdict motions sometime during the summer of 1977, and that the motions were reargued during the spring or summer of 1978. Since there is no reference in the record to these oral arguments, they will not be considered by this Court. *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974).

2.  Appellant also contends that this delay violated the speedy trial provision of Article I, § 9 of the Pennsylvania Constitution. Since appellant failed to raise this issue in his August 27, 1980 Motion to Dismiss, it is waived. *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979).

poses of a defendant's Sixth Amendment right to a speedy trial.[3]

■ In determining whether a defendant's constitutional speedy trial right has been violated, it must first be determined whether the delay itself is sufficient to trigger further inquiry. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Jones v. Commonwealth,* 495 Pa. 490, 434 A.2d 1197 (1981). If the delay is sufficient to trigger further inquiry, the reviewing court must balance the length of the delay with the reason for the delay, the defendant's timely assertion of his right to a speedy trial, and any resulting prejudice to the interests protected by the right to a speedy trial. *Barker v. Wingo, supra; Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980).

■ In the instant case, there was a 49 month delay between the time that appellant's post-verdict motions were reinstated and the time that appellant was sentenced. This delay is certainly sufficient to trigger this Court's further inquiry.[4]

In evaluating the reason for the delay, the United States Supreme Court in *Barker v. Wingo, supra* has set forth the following guidelines:

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

The record does not indicate that either appellant or the Commonwealth deliberately attempted to cause the delay.

**3.** This approach was adopted by this Court in *Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980).

**4.** In *Commonwealth v. Pounds, supra,* this Court determined that a delay of approximately two years between the time of the verdict and the time of sentencing is sufficient to trigger further inquiry.

Since the delay is not attributable to the affirmative actions of appellant, the ultimate responsibility for the delay weighs against the Commonwealth, though less heavily than would a deliberate attempt by the Commonwealth to cause the delay.

The next factor to be considered is whether appellant made a timely assertion of his speedy trial right. On August 27, 1980, some 37 months after his post-verdict motions were reinstated, appellant asserted his right to a speedy disposition of post-verdict motions in the form of a Motion to Dismiss. This was hardly a timely assertion of his speedy trial right. Furthermore, it should be noted that once appellant's Motion to Dismiss was denied on February 9, 1981, his post-verdict motions were disposed of within three months (April 29, 1981).

The final factor to be considered is whether the delay resulted in any prejudice to the interests protected by the Sixth Amendment right to a speedy trial. The particular interests that the Sixth Amendment was designed to protect are the following: to prevent oppressive pre-trial incarceration; to minimize anxiety and concern of the accused; and to limit the possibility that the defense will be impaired. *U.S. v. Ewell*, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). The latter interest is the most important interest protected by the Sixth Amendment, since it directly affects the fairness of the trial that the defendant will receive. *U.S. v. Ewell, supra.*

In the present case, appellant cannot claim prejudice as the result of oppressive pre-trial incarceration or impairment of defense, since the complained-of delay occurred after appellant's trial and conviction.[5] Appellant's only claim of prejudice is that he suffered anxiety because he faced a potential prison term, was unable to make employment plans and was unable to make marriage plans. These claims of prejudice ring hollow in light of the fact that appellant

---

**5.** It should be noted that appellant was free on bail during the pendency of his post-verdict motions and sentencing.

waited until 37 months after his post-verdict motions were reinstated to assert his right to a speedy trial.

■ In balancing the preceding four factors, we conclude that, in light of appellant's failure to make a timely assertion of his right to a speedy trial, the correspondingly minimal prejudice to the interests protected by the Sixth Amendment right to a speedy trial and the lack of any evidence that the delay was deliberately caused by the Commonwealth, appellant was not denied his right to a speedy trial.

Finally, appellant contends that the delay between the time that oral argument was held on his post-verdict motions and the time that his post-verdict motions were denied violated Pa.R.Crim.P. 1122, and thus he should be discharged.

■ Pa.R.Crim.P. 1122 states in pertinent part: "All motions for a new trial and motions in arrest of judgment shall be decided within thirty days after argument except under unusual circumstances." The record in the present case indicates that the only oral argument of appellant's post-verdict motions occurred on March 25, 1981, and that the trial court denied these motions 35 days later, on April 29, 1981. Since appellant is unable to demonstrate any substantial prejudice from this delay, and the trial court's denial of post-verdict motions took only 5 days longer than required by Pa.R.Crim.P. 1122, appellant's contention is without merit.

Accordingly, the judgment of sentence is affirmed.