**Commonwealth v. Egan**

*Robert Sacavage, assistant district attorney,* for the Commonwealth.

*Peter Campana,* for defendant.

RANCK, *J.,* May 7, 1985—Before this court is defendant's motion to dismiss pursuant to Pa.R.Crim.P. 1100 and a motion for change of venire. The pertinent facts are as follows:

On July 6, 1981, criminal complaints were filed against defendant. Several extensions and continuances were granted which extended the time for commencement of trial of these cases to the September 1982 term of criminal court. On August 27, 1982, following a jury trial in a related case, defendant filed a motion to dismiss these cases on double jeopardy grounds. This court denied that motion on September 2, 1982, and defendant filed a timely appeal. On September 19, 1984, the Superior Court affirmed the decision of this court and remanded the case for trial. Pursuant to the remand from the Superior Court, the Commonwealth scheduled defendant for trial on November 30, 1984. The present pre-trial motions were filed by defendant on November 19, 1984, and trial has been continued following a petition for extension filed by the Commonwealth on the same date pending a decision on the motions.

## MOTION TO DISMISS PURSUANT TO PA.R.CRIM.P. 1100

This court is faced with a difficult decision in this case. The Commonwealth argues that it should have 120 days in which to bring the defendant to trial following the remand from the Superior Court. This is based on an analogy to Rule 1100(e)(2) which states:

"(2) When an appellate court has granted a new trial, or has affirmed an order of a trial court grant-

ing a new trial, the new trial shall commence within 120 days after the appellate court remands the record to the trial court. The date of remand shall be the date as it appears in the appellate court docket."

Defendant counters by arguing that Rule 1100(e)(2) applies only to remands for a new trial, and, as indicated by the comments, withdrawal of a guilty plea. Therefore, the 180 days would continue to run following remand.

A strict constructionist reading of Rule 1100 would indicate that this court accept defendant's argument and dismiss the charges against him. However, this court takes a more liberal view of the rule. We do not believe that Rule 1100 was meant to bring about the harsh results which a strict reading would require.

The Appellate Courts of this Commonwealth have not yet addressed the issue involved in this case, and we must, therefore, look to case law in related cases to decide this issue.

A defendant's right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution. This amendment is based on the belief that

". . . a criminal defendant should not suffer long imprisonment awaiting trial. Nor should he be required to suffer the anxiety and public suspicion attendant upon unresolved criminal accusations. . . . (H)e should not be required to suffer a time lapse so great that the means of establishing his innocence may be lost." Commonwealth v. Werner, 444 Pa. 458, 282, A.2d 258, 260 (1971). See also Commonwealth v. Glover, 500 Pa. 524, 529, 458 A.2d 935 (1983) and Barker v. Wingo, 407 U.S. 514 (1972). This is the policy basis of Rule 1100. Scheduling defendant for trial in November did not violate that policy.

During the time his appeal was pending and after the record was remanded by the Superior Court, defendant was free on bail. He was not suffering from imprisonment while awaiting trial. There is no evidence that he suffered any anxiety and public suspicion because he was scheduled for trial in November and not September. Finally, the two-month period between remand and trial date was not so great as to impair defendant's ability to prove his innocence. The matter had already been dormant due to the appeal for two years. Two more months did not prejudice defendant in the preparation of his defense.

This case is an excellent example of how a strict reading of Rule 1100 could bring about absurd results. The case was remanded on September 19, 1984. At that time this court was in the middle of a criminal trial term. Slightly more than a week remained on the trial term, and there would hardly have been time for the Commonwealth to prepare and try the case during that term.

By adopting defendant's position, Rule 1100 could become a haven for creative defendants. By waiting until a few days before the 180-day period is to expire before filing an appeal, a defendant could manipulate the actions of the Commonwealth. The Commonwealth could be faced with a situation where only a day or two remained to bring defendant to trial within the 180-day period. We do not believe that the Supreme Court intended this result.

The court sees no difference between the situation where an appellate court remands for a new trial and where it hears an interlocutory appeal and remands for an initial trial. Where a new trial is required, the Commonwealth would actually be in a better position to act quickly since it has already gone through the trial. One can never be certain

when a case will be remanded, and by not allowing the 120-day period to the Commonwealth in a situation like the case at bar, the Commonwealth would be forced to be ready for trial at all times, possibly neglecting other cases. It is only logical that the 120-day period should apply in this case as well as remands for new trials and withdrawal of guilty pleas.

This court realizes that today's ruling breaks new ground under Rule 1100. However, it is not the first time that a procedural rule has been so expanded when the interest of justice demands such a change or expansion. It also will not be the last.

Rule 1100 is meant to insure that a criminal defendant is given a speedy trial. This is a very important right. At the same time, the rule should not operate so as to unfairly prejudice the Commonwealth in its ability to bring a case to trial. Justice is a two-way street, and all parties must be given fair access to that street.

We adopt the position of the Commonwealth. Following remand by the Superior Court, the Commonwealth had 120 days in which to bring defendant to trial.

## MOTION FOR CHANGE OF VENIRE

Defendant has also requested a change of venire. We believe there are effective alternatives to that request. Extensive voir dire can be used to establish whether or not a prospective juror has formed an opinion as to this case. It does not appear that a fair jury will be impossible to find. For nearly two years this case received little publicity. Even though there have been some recent reports, not everyone hearing them will have formed an opinion. There are alternatives available to defendant to find a fair jury.

Accordingly, we enter the following

## ORDER

And now, May 7, 1985, after hearing and careful consideration, it is ordered that:

1. Defendant's motion to dismiss pursuant to Pa.R.Crim.P. 1100 is denied.

2. Defendant's motion for change of venire is denied.