624 A.2d 156

**COMMONWEALTH of Pennsylvania**

v.

**Donies DEHONIESTO, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 26, 1993.

Filed April 29, 1993.

84

Jon S. Pushinsky, Pittsburgh, for appellant.

Thomas Farrell, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before TAMILIA, HUDOCK and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgments of sentence for kidnapping,[1] unlawful restraint,[2] simple assault,[3] possessing instruments of crime[4] and criminal conspiracy.[5] Appellant,

1. 18 Pa.C.S.A. § 2901.
2. 18 Pa.C.S.A. § 2903.
3. 18 Pa.C.S.A. § 2701.
4. 18 Pa.C.S.A. § 907.
5. 18 Pa.C.S.A. § 903.

Donies Dehoniesto, presents the following issues for our review.

I. THE EXCESSIVE DELAYS EXPERIENCED BY [APPELLANT] BETWEEN CONVICTION AND SENTENCING AND DURING THE APPELLATE STAGE VIOLATE HIS CONSTITUTIONAL RIGHTS TO A SPEEDY TRIAL AND TO DUE PROCESS.

II. THE EVIDENCE OF RECORD IS INSUFFICIENT TO ESTABLISH EACH ELEMENT OF KIDNAPPING, UNLAWFUL RESTRAINT AND POSSESSION OF AN INSTRUMENT OF A CRIME BEYOND A REASONABLE DOUBT.

III. THE GUILTY VERDICTS RENDERED BY THE COURT ARE AGAINST THE WEIGHT OF THE EVIDENCE.

IV. [APPELLANT'S] TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO REPRESENT HER COUNSEL [sic].

Appellant's brief at i–ii. For the reasons that follow, we affirm.

The procedural history of this case is as follows. Appellant was arrested on August 1, 1984, and charged with kidnapping, unlawful restraint, aggravated assault, terroristic threats, possessing instruments of crime, and criminal conspiracy. The terroristic threats and indecent assault charges were subsequently *nolle prossed.* Appellant was then convicted of the remaining charges [6] following a bench trial on March 5 and March 21, 1985.

Following his conviction, appellant filed post-trial motions in April, 1985. Appellant was released on bond pending the disposition of these motions and his appeal.

Trial counsel withdrew her appearance in April, 1986 and current counsel was appointed by the court to handle post-trial matters. No ruling on the post-trial motions had been issued by the court as of the time new counsel was appointed. Amended post-trial motions and a supporting memorandum

**6.** The charge of aggravated assault was reduced to simple assault.

were filed on May 17, 1988. The Commonwealth filed its response to the amended motions on June 23, 1988.

Arguments on post-trial motions were not held by the court until May 19, 1989. Post-trial motions were denied on September 11, 1990. On September 14, 1990, appellant filed a supplemental post-trial motion/petition for writ of habeas corpus requesting relief due to the trial court's excessive delay in disposing of the case. This motion was denied at sentencing. Appellant was thereafter sentenced to two consecutive terms of incarceration of 364 days–to–2 years minus a day on the kidnapping and conspiracy counts respectively. Additionally, appellant was to serve three years of probation following these sentences.

Appellant's motion to modify/reconsider sentence was denied and on October 16, 1990, appellant filed a notice of appeal. The trial court has not filed an opinion addressing the issues raised in post-trial motions.

The following facts underlying appellant's criminal conviction were elicited at trial. On August 1, 1984, Dorothy Hunt [hereinafter "victim"] was met at the front door of her home by her ex-boyfriend, appellant. Appellant held a gun to the victim's head, threatened to shoot her if she screamed, and told her to come with him. The victim then entered the back seat of appellant's car. Thereafter, appellant picked up McKinley Reed [hereinafter "co-defendant"] at a bus stop near the victim's home. Appellant, co-defendant and the victim then drove for approximately one-half hour to Schenley Park.

Once in the park, appellant stopped the car, retrieved a knife from the glove compartment of the car, and forced victim to a secluded spot. The victim was subsequently forced to remove her clothes. Appellant then beat her and cut her back and chest.

Thereafter, the victim was taken back to the car where she was again beaten. Approximately an hour-and-a-half after she was picked up from her house, appellant returned the victim to her home at which time she instructed her sister to call the police.

Appellant first contends that the excessive delay between his conviction, sentencing and the filing of his appeal violated his Sixth Amendment right to a speedy trial and his due process rights under the Fourteenth Amendment. Specifically, appellant argues that as five-and-a-half years elapsed between appellant's conviction and sentencing and two years have passed since the appeal was filed, the delay should be credited toward appellant's remaining term of incarceration and period of probation. We disagree.

■ Appellant's due process claim and speedy trial claim involve the same considerations. *Commonwealth v. Glass,* 526 Pa. 329, 332, 586 A.2d 369, 373 (1991) ("[t]he same considerations applicable in the context of a speedy trial claim are applicable to a claimed due process violation based on delays in proceedings.") Thus, these two claims will be addressed together.

■ It is well-settled that the merits of appellant's due process and speedy trial claim are to be assessed under the four factors delineated in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These factors were described in *Commonwealth v. Glover,* 500 Pa. 524, 528, 458 A.2d 935, 937 (1983) as follows:

> In determining whether a defendant's constitutional speedy trial right has been violated, it must first be determined whether the delay itself is sufficient to trigger further inquiry. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Jones v. Commonwealth,* 495 Pa. 490, 434 A.2d 1197 (1981). If the delay is sufficient to trigger further inquiry, the reviewing court must balance the length of the delay with the reason for the delay, the defendant's timely assertion of his right to a speedy trial, and any resulting prejudice to the interests protected by the right to a speedy trial. *Barker v. Wingo, supra; Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980).

*Id.*

The Commonwealth concedes that the five-and-a-half year delay in the case *sub judice* mandates further inquiry. *See,*

*e.g., Commonwealth v. Glass,* 526 Pa. 329, 586 A.2d 369 (1991) (51 month delay between the conclusion of trial and sentencing sufficient to trigger further inquiry). Thus, this court must inquire into the other three factors.

Although we find that the Commonwealth must bear responsibility for that portion of the five-and-a-half year delay resulting from the judicial misadministration of the present case, *see Glass* at 335, 586 A.2d at 372 (ultimate responsibility for judicial misadministration must rest with the government as opposed to defendant), we find that this factor is outweighed by appellant's failure to assert his right to a speedy trial in a timely fashion and the fact that appellant was not prejudiced by the delay.

In *Glover,* the court was presented with a similar situation whereby a 49 month delay between the defendant's conviction and sentencing was found attributable to the Commonwealth. The court, however, denied the defendant relief as this factor was outweighed by the fact that the defendant failed to file a motion to dismiss until 37 months after his conviction and had demonstrated only minimal prejudice. Similarly, in the case at bar, although appellant was convicted on March 21, 1985, appellant did not assert that his speedy trial due process rights had been violated until September 14, 1990,[7] over five years after his conviction and two years after the filing of his amended post-verdict motions.[8]

██ Furthermore, appellant has failed to show how his interests protected by the right to a speedy trial have been unduly prejudiced. The interests protected by the Sixth Amendment are as follows: to prevent oppressive pre-trial incarceration; to minimize anxiety and concern of the accused; and to limit the possibility that the defense will be impaired. *Glover,* 500 Pa. at 529, 458 A.2d at 938. Here, appellant was

7. Appellant's assertion was contained in his post-trial motions/petition for writ of habeas corpus.

8. Appellant claims that informal attempts to obtain action on the case were made prior to appellant's petition for writ of habeas corpus. However, none of the correspondence between appellant and the court is included in the record.

▮▮▮▮▮▮▮▮

released on bail for a majority of the five-and-a-half years. Hence, he can not claim to have suffered from oppressive pretrial incarceration. Moreover, none of the defense witnesses have died or become otherwise unavailable by virtue of the delay. Thus, appellant's defense was not impaired.[9]

Appellant argues, however, that as a result of the delay he suffered anxiety because he faced a potential prison term and was unable to make employment and marriage plans. These claims, however, ring hollow in light of the fact that appellant waited more than five years to assert his right to a speedy trial. Moreover, such a claim establishes only minimal prejudice. *See Barker.* After balancing the foregoing four factors, we find that appellant's Sixth and Fourteenth Amendment rights were not violated.

Appellant next contends that the evidence is insufficient to establish each element of kidnapping, unlawful restraint and possession of an instrument of crime. These claims will be addressed *seriatim.*

> The test for reviewing a sufficiency claim is well-settled:
>
> [W]hether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the jury could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt.... This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt....

*Commonwealth v. Hardcastle,* 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988) (citations omitted), *cert. denied,* 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990). *See also Commonwealth v. Jackson,* 506 Pa. 469, 471–73, 485 A.2d 1102, 1103 (1985);

---

9. Appellant further claims that the delay adversely affected his ability to "refresh memories, garner exculpatory evidence and mount a defense in the event of retrial." Appellant's brief at 22. However, appellant does not specify what memories need refreshing nor how the discovery of exculpatory evidence was hampered.

*Commonwealth v. Brady,* 385 Pa.Super. 279, 282, 560 A.2d 802, 804 (1989).

■ Regarding appellant's conviction for kidnapping, 18 Pa.C.S.A. § 2901(a) provides:

A person is guilty of Kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions:

. . . .

(2) to facilitate the commission of any felony or flight thereafter

(3) to inflict bodily injury on or to terrorize the victim or another.

*Id.* Appellant contends that the removal of Ms. Hunt was merely incidental to the commission of another offense and not far enough to constitute a substantial distance. Specifically, appellant argues that in light of the Commonwealth's evidence, the objective of appellant's conduct was only to persuade Ms. Hunt, through a violent assault, to accede to appellant's demands for money. This argument, however, is meritless.

The language of § 2901(a) establishes that the statute will apply notwithstanding the fact that the defendant intended to commit another offense after unlawfully transporting the victim. In the present case, the victim was taken by gunpoint from her home and transported to an isolated area where appellant beat and terrorized her. Thus, from the evidence the factfinder could reasonably find that victim's isolation exposed her to an increased risk of harm. Therefore, we find that appellant's forced removal of the victim was not simply incidental to appellant's violent assault. *See Commonwealth v. Hughes,* 264 Pa.Super. 118, 399 A.2d 694 (1979) (court sustained appellant's conviction for kidnapping where victim was taken two miles to an isolated area where she was raped and thereafter returned).

■ Appellant's argument that the victim was not removed a substantial distance is also meritless. According to the testimony of Officer Johnson, appellant was taken a distance of approximately six miles to Schenley Park. In *Hughes,* the court found two miles sufficient to establish the "substantial distance" element of the kidnapping statute. *See also Commonwealth v. Campbell,* 353 Pa.Super. 178, 509 A.2d 394, *alloc. denied* 516 Pa. 625, 532 A.2d 436 (1986) (court found the "substantial distance" element satisfied as appellant drove approximately two miles in the victims car). Hence, we find that the evidence was sufficient for appellant's kidnapping conviction.

■ Appellant next contends that the evidence was insufficient to support his unlawful restraint conviction. Under 18 Pa.C.S.A. § 2902, a defendant is guilty of unlawful restraint when he:

(1) restrains another unlawfully in circumstances exposing him to serious bodily injury; or

(2) holds another in a condition of involuntary servitude.

*Id.* Here, appellant forced the victim six miles from her home to a park, forced her to disrobe and then assaulted her. Clearly, the evidence was sufficient to support appellant's conviction for unlawful restraint.[10]

■ Appellant next asserts that the evidence was insufficient to support his conviction for possession of an instrument of a crime. 18 Pa.C.S.A. § 907 entitled "Possession of instruments of crime" provides:

(a) Criminal instruments generally.—A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

---

10.  Appellant argues that involuntary servitude requires the extraction of forced labor and as appellant never demanded labor from the victim appellant's conviction for unlawful restraint can not stand. Appellant's argument is meritless.

In *Commonwealth v. Wells,* 313 Pa.Super. 557, 460 A.2d 328 (1983), this court expressly rejected the argument appellant now espouses. In *Wells,* the court held that simply holding an individual subject to the will of another was sufficient to establish unlawful restraint.

. . . .

(c) Definitions.—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

"Instrument of crime."

(1) Anything specially made or specially adapted for criminal use;

or

(2) anything commonly used for criminal purposes and possessed by the actor under circumstances not not manifestly appropriate for lawful uses it may have.

*Id.* Appellant argues that his possession of an exacto knife was neither an object regularly used by criminals nor one which is physically altered in such a fashion as to demonstrate a criminal objective. Thus, he asserts that the evidence does not meet the criteria of the statute. We disagree.

As knives are commonly used for criminal purposes, the exacto knife used by appellant to assault the victim, satisfies the first condition of definition (2). Regarding the second condition, we must look at the context in which the instrument was used. *See Commonwealth v. Eddowes,* 397 Pa.Super. 551, 558, 580 A.2d 769, 774 (1990). Appellant used the exacto knife to carve his name into the victim's chest and back. This was sufficient to show an intention to use the exacto knife criminally. *See Commonwealth v. Hall,* 304 Pa.Super. 489, 450 A.2d 1018 (1982) (Commonwealth must show beyond a reasonable doubt defendant's intent to use the weapon criminally; a showing of more than mere possession is required.) For the foregoing reasons, we find that the evidence was sufficient to establish appellant's conviction for possession of an instrument of crime.

■ Appellant next claims that the verdicts were against the weight of the evidence. Specifically, appellant argues that the testimony of the Commonwealth witnesses is replete with inconsistencies. We disagree.

Initially, we note that "a trial court should award a new trial on the ground that the verdict is against the weight of the

evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Whitney*, 511 Pa. 232, 239, 512 A.2d 1152, 1155–1156 (1986).

Appellant's weight of the evidence claim rests upon alleged inconsistencies in the testimony of various witnesses. Essentially, appellant avers that his witnesses were more believable. However, we must defer to the findings of the trial court as findings of credibility are within the sole province of the finder of fact. *Commonwealth v. Shaver*, 501 Pa. 167, 173, 460 A.2d 742, 746 (1983). After carefully reviewing the notes of testimony and the record, we do not find that the verdict is so contrary to the evidence to shock the court's sense of justice.

■ Finally, appellant contends that trial counsel was ineffective. Specifically, appellant argues that trial counsel was ineffective for failing to subpoena all credit card records to corroborate the testimony of appellant and his mother regarding the alleged gifts the victim purchased for appellant. He also asserts that counsel was ineffective for failing to subpoena school attendance records to verify the testimony of numerous defense witness that the victim spent time with appellant during school hours. Appellant argues that these records would have bolstered his theory that the victim accused him of committing the crimes in question to punish appellant for breaking off their relationship and to provide her with an explanation for the expenses she incurred when buying gifts for appellant. We disagree.

■ In reviewing a claim of ineffectiveness, we first note that counsel is presumed to be effective. *Commonwealth v. Pierce*, 515 Pa. 153, 159, 527 A.2d 973, 974 (1987). In order to prevail on an ineffectiveness claim, appellant must show that his underlying contention possesses arguable merit, that the course chosen by counsel had no reasonable basis designed to serve his interest, and the counsel's conduct prejudiced him. *Commonwealth v. McBee*, 513 Pa. 255, 261, 520 A.2d 10, 13 (1986), *Commonwealth v. Perlman*, 392 Pa.Super. 1, 5, 572

A.2d 2, 4–5 (1990). Because we find that appellant was not prejudiced by trial counsel's alleged ineffectiveness, appellant's claim must fail.

To demonstrate prejudice, appellant must show that "but for counsel's error, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). We agree with the Commonwealth that the aforementioned records pertained only to collateral factual matters. Such records would not refute the events which transpired on August 1, 1984 and which were corroborated by the testimony of the victim, her mother and the photos depicting her injuries. Thus, appellant's final contention must fail. For the foregoing reasons, we affirm.

Judgment of Sentence affirmed.