644 A.2d 1206

**COMMONWEALTH of Pennsylvania**

v.

**Brian T. McCORD, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1994.

Filed May 10, 1994.

Reargument Denied July 22, 1994.

2

4

Ralph T. Forr, Jr., Altoona, for appellant.

John M. Dalty, Asst. Dist. Atty., Hollidaysburg, for Com., appellee.

Before CIRILLO, JOHNSON and BROSKY, JJ.

JOHNSON, Judge.

Brian T. McCord appeals from the order denying his petition for relief under the Post–Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.* We affirm.

In his PCRA petition, McCord claimed that his constitutional right to a speedy trial and his right to due process were violated by pre-indictment, pretrial and post-verdict delays totaling approximately 12 years.

On February 27, 1979, a fire destroyed a grocery store owned by McCord and his brother. On November 4, 1983, the Blair County Investigating Grand Jury recommended that McCord be arrested for arson, 18 Pa.C.S. § 3301, in connection with the fire. On November 29, 1983, McCord was arrested and charged with arson endangering persons, 18 Pa.C.S. § 3301(a)(1), and arson endangering property, 18 Pa. C.S. § 3301(c)(3). Later that same day, McCord was preliminarily arraigned and released after posting bail.

The case was scheduled to be heard in March 1984, which was the next available trial session. The record, however, fails to reveal why the trial did not take place at that time. On April 9, 1984, McCord filed Omnibus Pretrial Motions, which included a request that the court postpone trial until a determination was made regarding all of his pretrial motions. McCord's pretrial motions also included a request for a change of venire which was later granted. On April 27, 1984, the Commonwealth timely filed a Petition for Extension Pursuant to Rule 1100 of the Pennsylvania Rules of Criminal Procedure

(Rule 1100). Pursuant to discussions between the Court Administrator's Office and defense counsel, it was agreed that McCord's pretrial motions and the Commonwealth's petition for extension would be scheduled for a joint hearing set for October 3, 1984. *See* N.T., Continued Hearing on Omnibus Pretrial Motion and Rule 1100 Hearing, January 6, 1986, at 5–6.

Due to a scheduling problem with the visiting judge assigned to decide these matters, the hearing was rescheduled for November 8, 1984, and then again rescheduled for December 18, 1984. *Id.* at 6–7. At the December hearing, the court ruled upon some of McCord's motions, and a hearing on the remaining motions and the Commonwealth's petition was scheduled for May 13, 1985. Defense counsel filed a motion for continuance which was granted, and the matter was rescheduled for July 29, 1985. A hearing took place on that date, but the court failed to rule on the Commonwealth's petition for extension. The case was rescheduled for November 6, 1985, and defense counsel again requested a continuance. The matter was continued to January 6, 1986. In the interim, on November 14, 1985, McCord filed a Motion to Dismiss Under Rule 1100. On January 6, 1986, the trial court granted the Commonwealth's petition for extension and denied McCord's motion to dismiss.

On September 17, 1986, the court disposed of McCord's remaining pretrial motions and ordered that the matter be set for trial at the next available date. On October 15, 1986, the Commonwealth filed a second Petition for Extension Pursuant to Rule 1100. The trial court granted this petition and ordered that the matter be brought to trial no later than December 12, 1986. Pursuant to the grant of the requested change of venire, a jury was selected in Lebanon County on November 24, 1986.

On December 6, 1986, following a five-day trial, a jury found McCord guilty of one count of arson endangering property. On this same date, the court ordered that "bail in this matter as existed heretofore is continued." On December 12, 1986, McCord filed a Motion in Arrest of Judgment and/or a New

Trial claiming, among other things, that the action should be dismissed for a violation of Rule 1100. The record, however, discloses no further action on McCord's post-verdict motions until June 20, 1990, some 42 months after the motions were filed. On this date, the trial court denied McCord's post-verdict motions. In its Opinion denying these motions, the court found that the Commonwealth exercised due diligence in bringing this case to trial, and stated that court backlog and McCord's extensive pretrial motions were sufficient reasons to extend the time periods under Rule 1100.

On January 4, 1991, McCord filed a Supplemental Motion for a New Trial which was to be heard on January 11, 1991. McCord requested a continuance, which was granted, and a hearing on the supplemental motion and sentencing were scheduled for March 19, 1991. On this date, McCord's supplemental motion was denied, and the court sentenced him to a term of imprisonment of 11½ to 23 months, plus a fine and costs. The court also ordered that McCord's bail be continued pending appeal. McCord filed a direct appeal which raised seven issues, including the claim that he was entitled to an arrest of judgment since he was not tried within the time period mandated by Rule 1100. This Court reviewed the claim, determined that it was meritless, and affirmed the judgment of sentence on March 17, 1992. *Commonwealth v. McCord,* 420 Pa.Super. 639, 610 A.2d 66 (1992) (table), *appeal denied,* 532 Pa. 662, 616 A.2d 983 (1992). Following our supreme court's denial of his appeal, the trial court ordered that McCord report to the Blair County Prison no later than December 18, 1992, to commence his sentence.

On December 16, 1992, McCord filed a Petition for Writ of Habeas Corpus and Request for Stay from Sentence of Incarceration with the United States District Court for the Western District of Pennsylvania. On December 17, 1992, the District Court entered an order to stay the execution of judgment of sentence for 120 days. By order dated April 14, 1993, the District Court extended the stay for an additional 120 days. On July 1, 1993, the District Court dismissed the Habeas Corpus petition and lifted the stay. Consequently, on July 9,

1993, the trial court entered an order forfeiting the bail which was posted pending appeal and issued a bench warrant for McCord's arrest. Upon notification of the issuance of the bench warrant, McCord surrendered himself at the Blair County Prison.

On this same day, McCord filed a PCRA petition claiming that he was denied his constitutional right to a speedy trial and due process because of unjustified pre-indictment, pretrial and post-verdict delays. McCord's motion to set aside the bail forfeiture was filed and denied. On August 17, 1993, the trial court denied McCord's PCRA petition. This appeal followed.

On appeal, McCord argues that trial counsel was ineffective for failing to:

I. properly and timely raise the speedy trial and due process issues dealing with pre-indictment, pretrial and post-verdict delay under the U.S. and Pennsylvania Constitutions[;]

II. produce evidence as to the prejudice to the interest of the appellant that had occurred by the various delays[;]

III. [(a)] call certain witnesses in the defense of this matter[; (b)] bring to the court's attention the fact that one female juror apparently performed pretrial discovery of the issues involved[; and, (c) show] circumstantial evidence ... that the jurors felt rushed into their verdict as their bags were packed at the motel where they had been accommodated for the prior week[.]

Brief of Appellant at 3.

When examining a post-conviction court's grant or denial of relief, this Court's scope of review is "limited to determining whether the court's findings were supported by the record and the court's order is otherwise free of legal error. The findings of the post-conviction court will not be disturbed unless they have no support in the record." *Commonwealth v. Granberry*, 434 Pa.Super. 524, 530, 644 A.2d 204, 207 (1994) (citation omitted).

■ Because the first two issues presented by McCord encompass the same arguments, they can be addressed as a single issue. McCord contends that trial counsel was ineffective for failing (1) to timely raise his speedy trial and due process claims dealing with the various delays under the United States and Pennsylvania Constitutions, and (2) to produce evidence of prejudice to McCord that resulted from the delays. Initially, we note that an allegation that trial counsel was ineffective for failing to raise a speedy trial claim is cognizable under § 9543(a)(2)(v) of the PCRA. *See Commonwealth v. Eaddy,* 419 Pa.Super. 48, 614 A.2d 1203 (1992), *appeal denied,* 534 Pa. 636, 626 A.2d 1155 (1993). Thus, we will review the merits of McCord's claim in which he asserts three separate areas of delay that caused the alleged violation of his right to a speedy trial.

Preliminarily, we observe that McCord has not made an effort to analyze how our Commonwealth's right to a speedy trial in Article 1, section 9, differs from the protection afforded in our Federal Constitution's Sixth Amendment. Consequently, as McCord has failed to argue that our Commonwealth's Constitution provides greater protection in this regard, we decline to address his state constitutional claim. *See Commonwealth v. Lucas,* 424 Pa.Super. 173, 622 A.2d 325 (1993); *Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887 (1991) (setting forth general rule that litigants must brief certain factors when state constitution is implicated).

■ First, McCord maintains that the pre-indictment delay denied him the right to a speedy trial and due process of law. Initially, we note that the Supreme Court of the United States has held that "as far as the Speedy Trial Clause of the Sixth Amendment is concerned, [a lengthy pre-indictment] delay is wholly irrelevant, since ... only 'a formal indictment or ... the actual restraints imposed by arrest ... engage the particular protections' of that provision." *United States v. Lovasco,* 431 U.S. 783, 788–89, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752, 758 (1977), quoting *United States v. Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468, 479 (1971). Hence, in the present case, we agree with the trial court's conclusion that

the pre-indictment delay did not violate McCord's right to a speedy trial. *See* Trial Court Opinion, dated August 9, 1993, at 5–6.

McCord, however, alleges that, in addition to his speedy trial claim, he has been denied due process of law because of the pre-indictment delay. We note that the "proper procedure for objecting to the length of delay in being brought to trial is a motion to quash the indictment." *Commonwealth v. Roundtree*, 469 Pa. 241, 247 n. 3, 364 A.2d 1359, 1362 n. 3 (1976). "When a defendant argues undue delay in the filing of charges, proof of prejudice is a prerequisite to consideration of whether there has been a denial of due process." *Commonwealth v. Sneed*, 514 Pa. 597, 604, 526 A.2d 749, 752 (1987). However, even if a defendant were to show prejudice, the "adverse effect on his defense is excusable if the delay was a derivation of reasonable investigation by the authorities." *Id.* at 604, 526 A.2d at 753, citing *Lovasco, supra; see also Commonwealth v. Colson*, 507 Pa. 440, 452, 490 A.2d 811, 817 (1985), *cert. denied*, 476 U.S. 1140, 106 S.Ct. 2245, 90 L.Ed.2d 692 (1986). In addition, a defendant must show that the "Commonwealth's action in causing or allowing the delay was 'fundamentally unfair.'" *Commonwealth v. Grazier*, 391 Pa.Super. 202, 209, 570 A.2d 1054, 1057 (1990), citing *Lovasco, supra.*

Here, the pre-indictment delay was approximately 57 months following the date of the fire. While this time period may be substantial, there is no evidence to suggest that the delay was intentionally caused by the Commonwealth in order to gain a tactical advantage over McCord. *Grazier, supra.* A review of the record also shows that the investigation of the fire did not reveal evidence of McCord's involvement until 1982. *See* N.T., Post–Verdict Motions & Sentencing, March 19, 1991, at 13; *Sneed, supra.* Further, the statute of limitations for the crime of arson, five years, had not yet run at the time of the indictment and subsequent arrest. *See* 42 Pa.C.S. § 5552(b). McCord also claims that he "could have established prejudice from missing or deceased favorable exculpatory witnesses." Brief for Appellant at 14. We cannot con-

clude, however, that this bald assertion, without more, proves that McCord was prejudiced by the delay. Consequently, we are unable to find that trial counsel was ineffective for failing to file a pretrial motion to quash the information on grounds that pre-indictment delay had violated due process.

██ Next, relying upon *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), McCord contends that his rights to a speedy trial and to due process were violated by the delay of approximately 36 months between arrest and trial and by the delay of 51 months between the verdict and sentencing. Because the right to a speedy trial "is a more vague concept than other procedural rights [and] [i]t is ... impossible to determine with precision when that right has been denied," the *Barker* Court adopted a balancing test to determine whether this right has been violated. *Commonwealth v. DeBlase*, 431 Pa.Super. 100, 106, 635 A.2d 1091, 1093–94 (1994), quoting *Barker, supra*, 407 U.S. at 521, 92 S.Ct. at 2187, 33 L.Ed.2d at 112. This balancing test weighs the conduct of both the prosecution and the defendant. *Id.* The Court "announced that the following factors are to be used in a speedy trial analysis: the length of the delay, the reason for the delay, whether the defendant has asserted his right to a speedy trial, and any prejudice to the defendant from the delay." *Eaddy, supra*, 419 Pa.Super. at 59, 614 A.2d at 1209, quoting *Barker, supra*.

Because the length of the delay is characterized as a triggering mechanism, we find that both the 36 month and 51 month delays are sufficient to require us to review the other balancing factors. *See Commonwealth v. Jones*, 450 Pa. 442, 299 A.2d 288 (1973) (32 month delay between arrest and trial sufficient to require further inquiry); *see also Commonwealth v. Glass*, 526 Pa. 329, 586 A.2d 369 (1991) (51 month delay between conclusion of trial and sentencing sufficient to trigger further inquiry).

██ Here, the pretrial delay was due to several factors. The record reveals that a substantial portion of the delay was attributable to the litigation of McCord's pretrial motions

which, as stated above, included a request that the court postpone trial until a decision was made on all of his pretrial motions. "With respect to delays occasioned by pretrial proceedings, the Pennsylvania Supreme Court has observed, '[w]e believe that a reasonable amount of time consumed by the disposition of motions . . . not made for purposes of delay, regardless of who is the moving party, is justifiable delay.'" *DeBlase, supra*, 431 Pa.Super. at 109, 635 A.2d at 1095, quoting *Commonwealth v. Ware*, 459 Pa. 334, 347, 329 A.2d 258, 264–65 (1974). In addition, defense counsel requested and received continuances on two separate occasions. The trial court further acknowledged that court backlog in Blair County was another reason for the delay. Although the ultimate responsibility for such a circumstance, i.e., court backlog, rests with the Commonwealth, this reason should be weighed less heavily than a deliberate attempt by the Commonwealth to hamper the defense. *Id.*, 431 Pa.Super. at 106, 635 A.2d at 1094.

As to the issue of post-verdict delay, the record fails to reveal why the trial court waited 42 months before it ruled upon McCord's post-verdict motions. On January 4, 1991, McCord filed a Supplemental Motion for a New Trial and later requested a continuance. A hearing on the supplemental motion and sentencing were held on March 19, 1991. Thus, sentencing was delayed 2½ months pending disposition of McCord's motion. However, the 6½ months that passed before McCord filed this motion is not accounted for by the record. Further, the record does not indicate that either McCord or the Commonwealth deliberately attempted to cause the delays. As stated above, such delays must be weighed against the Commonwealth, but not heavily so. *Id.*

The third factor to be considered under the *Barker* test is the assertion of the right to a speedy trial. The record shows that while McCord filed a motion to dismiss under Rule 1100 in November 1985, he never asserted his constitutional right to a speedy trial until he filed his PCRA petition in July 1993. In a recent decision, this Court emphasized that the "failure to assert [this] right will make it difficult for a defendant to

prove that he was denied a speedy trial." *Id.* 431 Pa.Super. at 107, 635 A.2d at 1094. Moreover, from the time of his conviction in 1986 until he was sentenced in 1991, McCord never made a formal demand for speedy disposition of post-verdict motions and never made a request for sentencing. Again, the first time he raised the issue of post-verdict delay was in July 1993. McCord's failure to petition for immediate sentencing weighs heavily against his speedy trial claim. *See Glass, supra,* 526 Pa. at 336, 586 A.2d at 372 ("Appellant's failure to have filed a petition seeking imposition of sentence, during the months that he was supposedly aggrieved by not having received a sentence, counts substantially against his speedy trial claim.")

 The final factor to be considered is whether the pretrial and post-verdict delays resulted in any prejudice to the interests protected by the right to a speedy trial. "Our approach has always been to determine whether there has *in fact* been prejudice, rather than to presume that prejudice exists." *Id.* at 337, 586 A.2d at 372–73. The particular interests the Sixth Amendment was designed to protect are the following: to prevent oppressive pretrial incarceration; to minimize anxiety and concern of the accused; and to limit the possibility that the defense will be impaired. *Barker, supra; DeBlase, supra; Commonwealth v. Glover,* 500 Pa. 524, 458 A.2d 935 (1983). Of these, the latter interest is the most important since it directly affects the fairness of the defendant's trial. *Id.*

 McCord cannot claim prejudice from oppressive pretrial incarceration because he remained free on bail throughout this period, and, indeed, did not begin to serve his sentence until July, 1993. McCord does contend that, as a result of the pretrial delay, he suffered anxiety and concern. This claim, however, rings hollow in light of the fact that he waited 10 years to assert his constitutional right to a speedy trial based on pretrial delay. Moreover, such a claim establishes only minimal prejudice. *See Commonwealth v. Deho-*

*niesto,* 425 Pa.Super. 83, 90, 624 A.2d 156, 160 (1993), *appeal denied,* 535 Pa. 654, 634 A.2d 217 (1993), citing *Barker, supra.*

McCord also maintains that he was prejudiced because "several witnesses who would have testified to evidentiary matters . . . died between the time of the fire and the trial." Brief for Appellant at 18. In his brief, McCord does set forth the names of several persons he claims were frequent customers at his business who "could have countered evidence produced by the Commonwealth." *Id.* at 19. However, neither McCord nor the certified record discloses the substance of the "evidentiary matters" to which the witnesses allegedly would have testified. Furthermore, there is no showing that trial counsel was informed of the identity of these potential witnesses. Without such evidence, we are constrained to conclude that McCord was not prejudiced by the pretrial delay. *See DeBlase, supra,* 431 Pa.Super. at 113, 635 A.2d at 1097–98.

In addition, McCord fails to set forth in his brief any prejudice he may have suffered as a result of the post-verdict delay. While we do not condone the delay in the post-verdict proceedings, we are not convinced it requires a reversal of the judgment. Because McCord remained free on bail and because he never made a request to be sentenced, we do not perceive that he has been substantially prejudiced by the delay in sentencing. *See Glass, supra; Glover, supra.*

In balancing the preceding four factors, we conclude that McCord failed to establish a violation of his Sixth Amendment right to a speedy trial because of the lack of any evidence that the delay was deliberately caused by the Commonwealth, the correspondingly minimal prejudice to the interests protected by the right to a speedy trial, and McCord's failure to timely assert his right to a speedy trial.

We note that within his first issue on the speedy trial claim, McCord also contends that his right to due process has been denied by the pretrial and post-verdict delays. This contention, however, was not adequately developed in the body of his argument. Therefore, we will not consider it. *See* Pa.R.A.P. 2119. Were we to consider the question, "the same

considerations applicable in the context of a speedy trial claim are applicable to a claimed due process violation based on delays in proceedings," thus, under the four factors delineated in *Barker,* McCord has not been denied due process of law. *Commonwealth v. Pounds,* 490 Pa. 621, 630–31 n. 11, 417 A.2d 597, 601 n. 11 (1980); *see also DeBlase, supra; Dehoniesto, supra.*

In his third issue, McCord asserts that prior counsel was ineffective for failing to (a) call certain witnesses, (b) bring to the court's attention that a juror discussed the case with her husband prior to trial, and (c) present circumstantial evidence that the jurors were rushed into their verdict. The statute governing this contention, 42 Pa.C.S. § 9543(a), provides, in pertinent part, that a petitioner seeking relief on a claim of ineffective assistance of counsel must plead and prove that counsel's actions "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). The "burden of establishing ineffective assistance of counsel rests upon the appellant since counsel's representation is presumed to be effective." *Granberry, supra,* 434 Pa.Super. at 531, 644 A.2d at 207.

Here, McCord makes no attempt to explain how he would have benefitted had counsel undertaken the above-stated actions. While McCord does provide the names of two witnesses, he gives no information as to the substance of their purported testimony nor how such testimony would have been helpful to his case. *See Commonwealth v. Mason,* 427 Pa.Super. 243, 259, 628 A.2d 1141, 1149–50 (1993) (Appellant must identify witness, demonstrate defense counsel knew of the existence of the witness, show witness would have provided material information at trial, and establish the manner in which the witness would have been helpful to his case). McCord's additional claims are also nothing more than bald assertions since he fails to explain how they would have changed the verdict or how he was prejudiced. Where an issue does not bear upon a defendant's ultimate guilt or

16

innocence, and where the defendant fails either to explain how the truth-determining process was undermined, or to allege that counsel's actions prevented a reliable determination of guilt or innocence, the claim is not cognizable under the PCRA. *Commonwealth v. Tanner,* 410 Pa.Super 398, 405, 600 A.2d 201, 205 (1991), *appeal denied,* 530 Pa. 654, 608 A.2d 29 (1992). Here, not only has McCord failed to allege that the truth-determining process has been undermined, but the facts contained in his petition could not support such a claim. Hence, we conclude that this issue is not cognizable under the PCRA.

For the above-stated reasons, we find that the PCRA court's determination is supported by the record and is otherwise free of legal error. Thus, we affirm the order denying PCRA relief.

Order Affirmed.