J-S18045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS LEE TUCKER | : | |
| | : | |
| Appellant | : | No. 1422 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 6, 2023
In the Court of Common Pleas of Warren County
Criminal Division at No(s):  CP-62-CR-0000230-2021

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:              **FILED:  September 6, 2024**

Thomas Lee Tucker ("Tucker") appeals from the judgment of sentence imposed after a jury convicted him of fleeing or attempting to elude a police officer.[1]  Tucker contends the trial court abused its discretion when denying his motion for discharge for a violation of his speedy sentence rights.  We affirm.

The facts of Tucker's conviction are not at issue in this appeal, and we summarize the relevant procedural history as follows.  In June 2022, the jury found Tucker guilty of the above-stated offense, after which the trial court scheduled sentencing for August 2022.  Before the scheduled sentencing date, Tucker's private counsel withdrew with leave of the court, and Tucker thereafter obtained counsel through the Office of the Public Defender

_____

[1] **See** 75 Pa.C.S.A. § 3733(a).  The trial court separately convicted Tucker of numerous Vehicle Code violations.

("present counsel"). Present counsel moved to continue the sentencing hearing, and the trial court rescheduled the hearing for September 30, 2022. At some time before the sentencing hearing, authorities in Venango County took Tucker into custody for a violation of probation ("the Venango County case") and held him in Venango County prison.[2] When Tucker failed to appear for the September 30, 2022 sentencing hearing in the present case, the trial court issued a bench warrant. There is no indication that Tucker informed present counsel, the Commonwealth, or the court of his whereabouts at that time.

The next record entries indicate that approximately one year later, in September 2023, Tucker sent the trial court *pro se* motions from SCI-Huntingdon. The Commonwealth then requested the court to reschedule the sentencing hearing. The court scheduled a hearing in November 2023. In October 2023, Tucker filed a counseled motion for discharge, wherein he asserted the Commonwealth violated his speedy sentence rights.

On November 6, 2023, the trial court heard arguments on Tucker's motion for discharge. Present counsel asserted the sentencing delay prejudiced Tucker because the outstanding bench warrant rendered Tucker ineligible for, *inter alia*, prison programs. **See** N.T., 11/6/23, at 2. The Commonwealth argued that it had no obligation to exercise due diligence

---

[2] In the Venango County case, the court apparently sentenced him to incarceration in a state correctional institution ("SCI-Huntingdon") for the probation violation. **See** N.T., 11/6/23, at 3.

during the delay because Tucker failed to appear at the September 30, 2022 sentencing hearing and the court had issued a bench warrant. ***See id***. at 4, 5-6. The Commonwealth noted that Tucker's present counsel "never notified the Commonwealth where [Tucker] was . . . or that [Tucker] wanted to be sentenced." ***Id***. at 6.

Present counsel responded that he and Tucker had communications "over the last year," and he advised Tucker as follows:

> [T]he state knows where you're at. . . . The state is the one under these time constraints, not the defendant. . . . [T]he longer we wait for you to be sentenced[,] the more prejudice and . . . time against the Commonwealth will go . . . ."

***Id***. at 7. When present counsel suggested the district attorney's office knew of Tucker's whereabouts during the delay, the Commonwealth asserted "the DA's office did not know where he was." ***Id***. at 8. Present counsel maintained that it was "on the state to have a defendant sentenced, not the defendant." ***Id***. The trial court denied the motion for discharge and thereafter sentenced Tucker to three to six years of imprisonment and fines and costs. Tucker timely appealed and submitted an untimely Pa.R.A.P. 1925(b) statement challenging the denial of his motion for discharge. The trial court filed a Rule 1925(a) opinion responding to the issue raised in Tucker's Rule 1925(b) statement.[3]

---

[3] We do not find waiver based upon the untimeliness of Tucker's Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(c)(3); ***cf***. ***Commonwealth v. Burton***, 973 A.2d 428, 431-32 (Pa. Super. 2009) (*en banc*) (holding counsel's failure to file

*(Footnote Continued Next Page)*

Tucker raises the following issue for our review:

Did the trial court abuse its discretion in denying [his] motion [for] discharge?

Tucker's Brief at 5.

Tucker's issue implicates his right to a prompt sentencing hearing. Pennsylvania Rule of Criminal Procedure 704 provides that a sentence in a court case "shall ordinarily be imposed within 90 days of conviction[,]" but "[w]hen the date for sentencing . . . must be delayed, for good cause shown, . . . the judge shall include in the record the specific time period for the extension." Pa.R.Crim.P. 704(A)(1)-(2). The failure to sentence within Rule 704's time requirements **may** entitle the defendant to discharge. **See Commonwealth v. Anders**, 725 A.2d 170, 173 (Pa. 1999) (discussing former Rule 1405); **see also** Pa.R.Crim.P. 704, cmt. (citing **Anders**).

Pennsylvania courts have adopted the **Barker v. Wingo**, 407 U.S. 514 (1972), standards to review a claimed violation of speedy sentence rights. **See Anders**, 725 A.2d at 173; **accord Commonwealth v. Glover**, 458 A.2d 935, 937 (Pa. 1983). This test requires a court to consider whether a delay

_____

a timely Rule 1925(b) statement in a criminal case constitutes *per se* ineffectiveness and permits this Court, if necessary, to remand for, *inter alia*, a supplemental trial court opinion). Because the trial court addressed the issue raised in this appeal, a remand for a supplemental trial court opinion is not necessary. **See Burton**, 973 A.2d at 433 (stating when counsel fails to file a timely Rule 1925(b) statement, "this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

- 4 -

is sufficient to trigger further inquiry, and, if so, to balance the following factors, also referred to as the *Anders* factors:

> (1) the length of the delay falling outside Rule 704's 90-day-and-good-cause provisions; (2) the reason for the improper delay; (3) the defendant's timely or untimely assertion of his rights; and (4) any resulting prejudice to the interests protected by his speedy trial and due process rights.

*Commonwealth v. Fox*, 953 A.2d 808, 811-12 (Pa. Super. 2008) (internal citation omitted).

As to the Commonwealth's responsibility for a delay,

> [a] deliberate attempt [at a delay] in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Glover*, 458 A.2d at 937-38; *accord Commonwealth v. West*, 938 A.2d 1034, 1047 (Pa. 2007)

Furthermore, the defendant must establish prejudice resulting from a sentencing delay. *See Anders*, 725 A.2d at 173 (holding "a defendant who is sentenced in violation of [the rule's time limit] is entitled to a discharge only where the defendant can demonstrate that the delay in sentencing prejudiced him or her"); *see also* Pa.R.Crim.P. 704, cmt. (citing *Anders* for same proposition). The constitutional interests relevant to a prejudice analysis include: (1) the prevention of oppressive pretrial incarceration; (2) the minimization the defendant's anxiety and concern; and (3) the limiting of

possibilities that the defense will be impaired. *See Glover*, 458 A.2d at 938. "Prejudice should not be presumed by the mere fact of an untimely sentence." *See Fox*, 953 A.2d at 812 (internal citation and quotation marks omitted).

This Court reviews the trial court's decision to deny a speedy sentence motion for an abuse of discretion. *See Commonwealth v. Neysmith*, 192 A.3d 184, 192 (Pa. Super. 2018). Our scope of review is limited to the evidence presented at the hearing on the motion for discharge. *See id*. at 193.

Here, Tucker notes the over 400-day delay between the scheduled September 30, 2022 sentencing hearing and the November 6, 2023, imposition of sentence. *See* Tucker's Brief at 10.[4] Tucker asserts he could not have made himself available for sentencing because he was in the Commonwealth's custody for the Venango County case and the Commonwealth took no steps to bring him before the court for sentencing in the present case. *See id*. Tucker contends the Commonwealth bore all responsibility for the delay because the Commonwealth could have arranged his transport from Venango County prison, or SCI-Huntingdon, at any time during the delay. *See id*. In support of his issue, Tucker cites Pa.R.Crim.P. 600, which implements a defendant's speedy trial rights, and assert that the burden to provide a prompt disposition of a case falls on the Commonwealth,

---

[4] Tucker calculates the total delay as 403 days, inclusive of the November 6, 2023, motion and sentencing hearing. The trial court calculated the delay as 402 days, apparently excluding November 6, 2023. The difference in these calculations is immaterial to this decision.

not the defendant. *See id*. at 11 (asserting, "The burden is not on [Tucker] to cry-out to ensure he is sentenced, especially when [he] is already within the care and custody of the Commonwealth"). Tucker further asserts actual prejudice because the bench warrant in the present case precluded him from participating in prison programs, such as the state drug treatment program. *See id*.

The trial court, when applying the *Anders* factors, noted the over 400-day delay. The court, however, concluded Tucker was responsible for the delay and did not timely assert his rights to a speedy sentence. *See* Trial Court Opinion, 1/17/24, at 6.[5] The court found Tucker's claim of prejudice unpersuasive because he did not timely seek sentencing or assert his speedy sentence rights. *See id*.

Following our review, we discern no merit to Tucker's arguments. Tucker cites Rule 600 to posit that the Commonwealth bore the sole

_____

[5] The trial court also concluded that the Commonwealth had good cause for failing to bring Tucker to a sentencing hearing because Tucker had been imprisoned on separate charges and did not request a new sentencing hearing. *See* Trial Court Opinion, 1/17/24, at 4. The trial court noted Tucker willfully failed to appear at the sentencing hearing scheduled for September 30, 2022, did not advise present counsel of his whereabouts when imprisoned in Venango County, and essentially "disappeared" after September 30, 2022. Trial Court Opinion, 1/17/24, at 3-4. The Commonwealth, in its appellee's brief, does not argue good cause for the delay. Instead, the Commonwealth suggests the trial court found that over 400 days fell beyond the good-cause provision of Rule 704. *See* Commonwealth's Brief at 9. Given the Commonwealth's lack of argument on the issue of good cause, we analyze this appeal as if the Commonwealth concedes the lack of good cause under Rule 704, and we focus on the trial court's application of the *Anders* factors.

responsibility for the delay. *See id*. at 11. However, the application of the *Anders* factors is less stringent than Rule 600. *Cf. Commonwealth v. Colon*, 87 A.3d 352, 356 (Pa. Super. 2014) (noting Pennsylvania adopted the predecessor to Rule 600 to provide clearer administration and enforcement of a defendant's speedy trial rights than the "amorphous" test formulated in *Barker*). The *Anders* factors permit a court to weigh the nature of the Commonwealth's role in a delay. *See Glover*, 458 A.2d at 937-38 (distinguishing delays caused by deliberate attempts to hamper the defense, negligence or administrative factors, and valid reasons). Contrary to Tucker's assertion that he had no obligation to "cry out" to be sentenced in the present case, the *Anders* factors also require the trial court to consider a defendant's timely *or untimely* assertion of his rights. *See generally Fox*, 953 A.2d at 811-12. Thus, Tucker's general arguments, based on Rule 600, do not establish a misapplication of the *Anders* factors. *Cf*. *Glover*, 458 A.2d at 938 (concluding an untimely assertion of a speedy trial right under *Barker* and minimal prejudice outweighed a forty-two-month delay, attributed to the Commonwealth, to decide post-verdict motions and impose sentence).

Furthermore, having considered the record, Tucker's arguments, and the trial court's reasons for denying Tucker's motion for discharge, we discern no abuse of discretion in the trial court's findings on, and weighing of, the *Anders* factors. Here, there were 400-plus days of delay which triggers the need for further inquiry. Even assuming there was no good cause for this entire delay in this case, the trial court determined that Tucker bore the

responsibility for the delay because he did not inform his present counsel of his whereabouts prior to the sentencing hearing scheduled for September 30, 2022, and did not seek sentencing in the present case until a year later. Notably, Tucker does not assert the Commonwealth deliberately engaged in this delay to hamper the defense. *See Glover*, 458 A.2d at 937-38. Thus, we will not disturb the trial court's weighing of the reasons for the delay. *See Neysmith*, 192 A.3d at 192-94.

Critically, as to the timeliness of Tucker's invocation of his speedy sentence rights, when Tucker contacted present counsel, they elected to not seek sentencing in the present case. *See* N.T., 11/6/23, at 6-7. Tucker first asserted that he was not sentenced within ninety days of the verdict in *pro se* motions filed nearly one year after the last scheduled sentencing date. Present counsel then waited until October 2023 to file the counseled motion for discharge. It is undisputed that Tucker did not timely invoke his rights, and the weight attributed to this factor fell within the sound discretion of the trial court. *See Neysmith*, 192 A.3d at 192-94.

As to Tucker's claim of prejudice, the trial court refused to weigh this factor in favor of Tucker based on his dilatory conduct and untimely assertion of his speedy sentence rights. *See* Trial Court Opinion, 1/17/24, at 6. The record supports the trial court's findings. Tucker asserted that the bench warrant in the present case rendered him ineligible for prison programs while he served a Venango County sentence. However, as noted by the trial court, Tucker could have avoided such prejudice by promptly making his

incarceration known to present counsel and asserting his speedy sentence rights in a timely fashion. *Cf*. *Commonwealth v. Brockway*, 633 A.2d 188, 192 (Pa. Super. 1993) (citing *Commonwealth v. Greer*, 554 A.2d 980, 989 (Pa. Super. 1989) (Kelly, J., concurring), for the proposition that silence may prove a claim of prejudice illusory where the defendant had but to assert his rights and a sentence would undoubtedly have been imposed); *accord Neysmith*, 192 A.3d at 193 (affirming a trial court's determination that any prejudice resulting from a delay in sentencing was "self-inflicted" because the defendant demanded that the Commonwealth obtain official records of prior convictions but did not otherwise challenge the prior convictions at sentencing).

Because the record here supports the trial court's findings of fact that Tucker engaged in dilatory tactics, and the court did not abuse its discretion when weighing the appropriate *Anders* factors, we affirm. *See Neysmith*, 192 A.3d at 192-94.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

9/6/2024

- 10 -