**COMMONWEALTH of Pennsylvania**

**v.**

**Jermaine Donnell FOX, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 26, 2008.
Filed July 7, 2008.

William T.C. Tully, Harrisburg, for appellant.

James P. Barker, Asst. Dist. Atty., for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., DONOHUE and POPOVICH, JJ.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 Jermaine Donnell Fox appeals from the judgment of sentence of February 5, 2007. We affirm.

¶ 2 The factual and procedural background of this case was described in this court's prior memorandum opinion vacating appellant's original sentence and remanding for re-sentencing:

> From November 2001 until February 2002, appellant Fox supervised the victim A.T. as a juvenile probation officer. Subsequently, A.T. was assigned to a residential mental health facility, where she remained in the legal custody of the county children and youth services agency and under the supervision of the juvenile probation office. On June 15 and 28, 2002, when appellant was on military leave, he came to visit A.T. at the mental health facility and removed her from the grounds. At no time did appellant have authorization to remove A.T. from the mental health facility. Nonetheless, A.T. told the facility staff that appellant was her probation officer, and he did not disavow the staff of that notion during either visit.
>
> On both occasions appellant engaged in sexual activity with A.T., with the second visit culminating in sexual intercourse in his apartment. At some point while the second visit was on-going, the staff of the facility became suspicious of appellant's authorization and contacted the juvenile probation office and the police. When appellant returned A.T. to the facility after the second visit, he was arrested. At the time of the incidents, A.T. was fifteen years of age and appellant was twenty-nine.
>
> Appellant was tried by jury on October 6–7, 2003. His defense was that the sexual activity between him and A.T. was consensual and that he did not know her age. A.T. testified that she voluntarily engaged in sexual activity with appellant, but that she had previously told him her age. The jury found appellant guilty of two counts of involuntary deviate sexual intercourse with someone under the age of 16, 18 Pa.C.S.A. § 3123.7; one count of aggravated indecent assault, 18 Pa.C.S.A. § 3125.8; one count of statutory sexual assault, 18 Pa.C.S.A. § 3122.1; one count of corruption of minors, 18 Pa.C.S.A. § 6301(a); one count of unlawful contact with a minor, 18 Pa.C.S.A. § 6318(a)(1); two counts of interfering with the custody of minors, 18 Pa.C.S.A. § 2904(a); and two counts of interfering with the custody of committed persons, 18 Pa.C.S.A. § 2905(a). Appellant was sentenced on January 8, 2004 to an aggregate term of eighteen and one half (18.5) to thirty-seven (37) years in prison. His post-trial motions were denied on November 18, 2004 and this direct appeal followed.

*Commonwealth v. Fox,* 1948 MDA 2004, unpublished memorandum at 1–3, 889 A.2d 112 (Pa.Super. filed October 18, 2005).

¶ 3 On the first direct appeal, a majority of the panel found appellant's sentence to be manifestly excessive and vacated the

judgment of sentence and remanded for re-sentencing. *Id.*[1] The panel also directed that the matter be heard by a different judge. *Id.* at 12. The Commonwealth filed a petition for reargument, which was denied on December 20, 2005. The Commonwealth did not file a petition for allowance of appeal with our supreme court. The docket reflects that the record was returned to the trial court on January 30, 2006.

¶ 4 No further activity occurred in this matter until January 17, 2007, approximately one year later, when the case was reassigned to the Honorable Todd A. Hoover for purposes of re-sentencing appellant. On January 26, 2007, appellant filed a motion to dismiss the charges for failure to sentence within 90 days pursuant to Pa.R.Crim.P. 704(A). The Commonwealth filed an answer, and a hearing was scheduled for February 5, 2007. On that date, appellant's motion for dismissal was denied; and immediately thereafter, he was re-sentenced to 10½ to 22 years' imprisonment.

¶ 5 A timely post-trial motion for modification of sentence was filed on February 15, 2007; and on March 2, 2007, the trial court granted the motion and modified the sentencing order to reflect an aggregate sentence of 10 to 20 years' imprisonment. Appellant's post-trial motion to reconsider the motion to dismiss was denied. A timely notice of appeal was filed on March 29, 2007. By order dated April 10, 2007 and filed April 11, 2007, appellant was directed to file a concise statement of matters com-

plained of on appeal pursuant to Pa.R.A.P. 1925(b) within 20 days. Appellant timely complied on April 30, 2007. The trial court has not filed an opinion.[2]

¶ 6 Appellant argues that his right to due process was violated where nearly one year elapsed between remand and re-sentencing. Appellant contends that the appropriate remedy for this delay was outright dismissal. We disagree.

■ ¶ 7 Appellant relies on Pennsylvania Rule of Criminal Procedure 704, which provides that except for good cause shown, sentence shall ordinarily be imposed within *90 days of conviction or the entry of a plea* of guilty or *nolo contendere*. Appellant cites *Commonwealth v. Anders*, 555 Pa. 467, 725 A.2d 170 (1999), in which the Pennsylvania Supreme Court held that in evaluating a Rule 704 motion for discharge, a defendant must demonstrate actual prejudice. *See also Commonwealth v. Still*, 783 A.2d 829 (Pa.Super.2001) (appropriate remedy for violation of Rule 704 is discharge only when the defendant can show prejudice due to the delay; notion of presumed prejudice was rejected by the court in *Anders, supra*).

¶ 8 In *Anders*, the court held that in determining whether discharge is appropriate, the trial court should consider: (1) the length of the delay falling outside Rule 704's 90–day–and–good–cause provisions; (2) the reason for the improper delay; (3) the defendant's timely or untimely assertion of his rights; and (4) any resulting prejudice to the interests protected by his

---

1. Judge Bowes dissented, opining that the issue was waived for failure to include a Pa. R.A.P. 2119(f) statement. *Id.* at 13–14.

2. As the record adequately apprises us of the trial court's reasoning in relation to the issues raised, we need not delay the matter further by remanding for the preparation of a Rule 1925(a) opinion. *Commonwealth v. Hood*, 872 A.2d 175, 178 (Pa.Super.2005), *appeal*

denied, 585 Pa. 695, 889 A.2d 88 (2005). Judge Hoover's reasons for denying appellant's motion to dismiss, which is the only issue on appeal, are ascertainable from the notes of testimony of the hearing held February 5, 2007. Therefore, we will proceed to review the merits of appellant's claim. *Hood, supra.*

speedy trial and due process rights. *Anders, supra* at 473, 725 A.2d at 173, citing *Commonwealth v. Glover*, 500 Pa. 524, 458 A.2d 935 (1983). "Prejudice should not be presumed by the mere fact of an untimely sentence." *Id.*

¶ 9 We find Rule 704 to be facially inapplicable because, by its plain language, it does not apply to the re-sentencing process following remand. Rule 704 applies only to sentencing after conviction, guilty plea or plea of *nolo contendere*. Nevertheless, as discussed *infra*, the analysis is basically the same as that under *Anders*.

¶ 10 As the parties acknowledge, there is no rule of procedure or decisional precedent addressing specifically the issue of timeliness of re-sentencing. However, we find the following case to be instructive. In *Commonwealth v. West*, 595 Pa. 483, 938 A.2d 1034 (2007), defendant West was granted release on bail pending appeal. This court affirmed his judgment of sentence, and our supreme court denied allowance of appeal; however, West remained at liberty for nine years, until the matter was brought to the attention of the trial court. *Id.* at 487, 938 A.2d at 1037. West was eventually taken into custody and committed to serve his prior criminal sentence, after which he filed a petition for writ of *habeas corpus*, asserting, *inter alia*, violation of his substantive due process rights because of the government's delay in confining him. *Id.*

¶ 11 The trial court denied relief, concluding that West did not suffer prejudice as the result of the government's non-intentional delay in recalling him to serve his sentence. *Id.* at 490, 938 A.2d at 1039. West appealed, and a panel of this court reversed. *Commonwealth v. West*, 868 A.2d 1267 (Pa.Super.2005), *reversed*, 595 Pa. 483, 938 A.2d 1034 (2007). After recognizing the lack of Pennsylvania authority on the issue of whether there is a

right to "speedy incarceration," this court examined the factors used in the speedy trial case of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and applied them in *West*:

> Pennsylvania courts have previously followed *Barker* in resolving claims that procedural delays in criminal cases constitute a substantive due process violation, and we have set forth a four prong test in which we inquire as follows: (1) whether the delay itself is sufficient to trigger further inquiry; (2) if so, the reason for the delay; (3) whether the defendant timely asserted his rights, and; (4) whether there is any prejudice to the defendant from the delay.

*West, supra* at 492, 938 A.2d at 1040, citing *Commonwealth v. Snyder*, 552 Pa. 44, 713 A.2d 596 (1998); *Commonwealth v. Glass*, 526 Pa. 329, 586 A.2d 369 (1991).

¶ 12 A majority of the panel found the factors weighed in favor of West, including that he was prejudiced due to lost transcripts and missed opportunities to challenge further his conviction, and ordered he be discharged. *Id.* On further review, our supreme court agreed that *Barker* provided the appropriate framework for analyzing whether West was entitled to relief based on a claim his right to due process was violated: " 'the same considerations applicable in the context of a speedy trial claim are applicable to a claimed due process violation based on delays in proceedings.' " *Id.* at 500, 938 A.2d at 1045, quoting *Glass, supra* at 338, 586 A.2d at 373, in turn quoting *Commonwealth v. Pounds*, 490 Pa. 621, 630, 417 A.2d 597, 601 (1980). However, our supreme court went on to determine that West did not suffer actual prejudice from the nine-year delay he was erroneously at liberty, agreeing with Judge Orie Melvin's dissent that whether or not certain evidence may be stale or transcripts missing, the only claim West

asserted he would have sought to pursue in a further appeal was already litigated on direct appeal. *Id.* at 506, 938 A.2d at 1049. A finding West suffered prejudice was merely speculative and not based on the loss of any real potential meritorious claim; and therefore, the court concluded West's due process rights had not been violated. *Id.*

¶ 13 Applying the *Barker* factors to the instant case, the Commonwealth concedes, and we agree, that the approximately one-year delay between remand and re-sentencing is sufficient to trigger further inquiry. (Commonwealth's brief at 10.) The reason for the delay appears to be that, on remand, this court instructed the matter be assigned to a different judge. When the issue was finally brought to the trial court's attention, the president judge acted immediately in re-assigning the case to Judge Hoover for re-sentencing. (Notes of testimony, 2/5/07 at 5.) Certainly there is no evidence of bad faith or deliberate intent on the part of the government. Therefore, this factor will not weigh heavily against the government in balancing the *Barker* due process factors. *West, supra* at 505, 938 A.2d at 1047–1048 ("courts have recognized the policy consideration that deliberate attempts to delay, with the specific purpose of hampering the defense, should be weighted heavily against the government, while a more neutral reason such as negligence should be weighted less heavily") (citations omitted).

¶ 14 The third factor is whether the defendant timely asserted his rights. In denying his motion to dismiss, the trial court took into account that appellant did not alert the court that he remained un-sentenced until January 2007. (Notes of testimony, 2/5/07 at 9.) Nor did appellant make an application for bail pending re-sentencing. (*Id.* at 7.) As the Commonwealth argued at re-sentencing:

Here sentence was imposed. The Defendant sought the resentencing, obtained the resentencing and then didn't take any steps when it fell admittedly through the cracks to alert anyone to it. So that is factor No. 3, the Defendant's timely assertion of his rights. Once they were asserted, the Court promptly acted.

*Id.* at 8. For these reasons, we find the third *Barker* factor, timely assertion of his due process rights, weighs against appellant.

¶ 15 Finally, we examine the fourth prong, whether there was any prejudice to appellant from the delay. This was the factor upon which the trial court primarily relied. (*Id.* at 8–10.) As the trial court stated, in this case appellant faced a mandatory minimum 5- to 10-year sentence of total confinement. (*Id.* at 9–10.) Therefore, even if appellant had been re-sentenced immediately, sometime in January 2006, he would have served only 2 years of a mandatory minimum 5-year term before being eligible for parole. At time of re-sentencing, appellant had served only 3 years in prison. *See Still, supra* at 832 n. 3 (defendant did not spend more time incarcerated than if he had been sentenced earlier). Furthermore, although appellant argued he had the opportunity for bail pending re-sentencing (notes of testimony, 2/5/07 at 4), he never made application for bail. For these reasons, we conclude appellant did not suffer actual prejudice as a result of the one-year delay in re-sentencing upon remand from this court. We also note the strong interest society has in knowing that its convicted felons are serving the punishment to which they have been sentenced, regardless of inadvertent delay or negligent error. *West, supra* at 502, 938 A.2d at 1046, citing *Commonwealth v. Blair,* 699 A.2d 738, 743 (Pa.Super.1997).

¶ 16 While regrettable, the unintended delay in re-sentencing appellant following this court's remand did not violate appellant's due process rights. Therefore, we determine the trial court did not err in denying appellant's motion to dismiss. As that is the only issue before us, we will affirm the judgment of sentence.

¶ 17 Judgment of sentence affirmed.