J. S42040/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JERMAINE I. GOODMAN, | : | |
| | : | |
| Appellant | : | No. 2680 EDA 2014 |

Appeal from the Judgment of Sentence August 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0005440-2009

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED NOVEMBER 12, 2015**

Appellant, Jermaine I. Goodman, appeals from the judgment of sentence entered following remand[1] by a prior panel of this Court for resentencing. Appellant avers the trial court erred in denying his motions to dismiss the charges due to a delay in resentencing, as well as his post-remand motion to withdraw the guilty plea. In a supplemental brief, Appellant further claims he received a mandatory minimum sentence under 42 Pa.C.S. § 9712, which should now be deemed illegal because that statute has been held to be unconstitutional. We affirm.

On May 4, 2010, Appellant entered a negotiated guilty plea to attempt

---

[*] Former Justice specially assigned to the Superior Court.

[1] *See Commonwealth v. Goodman*, 789 EDA 2011 (unpub. memo.) (Pa. Super. Aug. 7, 2010).

to commit aggravated assault, possession of an instrument of crime ("PIC"), retail theft, and persons not to possess a firearm.[2] The Commonwealth agreed to "nolle pros" the remaining charges and recommend a sentence of ten to twenty years. The written plea colloquy specified the sentences would be two consecutive terms of five to ten years for the attempt and firearms charges. The trial court accepted the terms of the plea agreement and imposed an aggregate sentence of ten to twenty years' imprisonment. However, the sentences, all to run concurrently, were as follows: ten to twenty years for attempt, five to ten years for the firearms charge, two and a half to five years for PIC, and six to twelve months for retail theft.

Appellant took a direct appeal to this Court.[3] He was represented by appointed counsel, Matthew J. Wolfe, Esq., who has continued to represent Appellant through the instant appeal. The sole claim in the first appeal was "that the trial court erred by imposing a sentence that failed to reflect the sentence as structured in his negotiated plea agreement, which the trial court has accepted." ***Goodman***, 789 EDA 2011 at 1. In the panel's August

---

[2] 18 Pa.C.S. §§ 901(a), 907(a), 3929(a)(1), 6105(a)(1). Although the latest trial court opinion and prior Superior Court memorandum state Appellant pleaded guilty to aggravated assault, the original May 4, 2010 sentencing sheet and August 14, 2014 resentencing order state the charge is attempt to commit aggravated assault.

[3] Appellant had filed a timely post-sentence motion, which was denied. He did not initially take a direct appeal, but successfully sought the reinstatement of his direct appeal rights via a counseled Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, petition.

7, 2012 memorandum, this Court agreed "and remanded[ed] for imposition of the sentence contained in the written guilty plea colloquy." *Id.* at 6. The record was remitted to the trial court on September 18th.

The next entry on the trial court docket is a September 27, 2012 "Hearing Notice;" the docket entry did not state anything further. Next, on October 18, 2012, the trial court granted a defense request to continue sentencing and set a date of December 13, 2012. A December 13, 2012 docket entry states the court granted a motion for continuance, but does not identify who requested the continuance. It deferred sentencing to a "date to be determined."[4]

The next docket activity came nine months later on September 12, 2013, when Appellant filed a *pro se* application for bail pending resentencing.[5] He stated that "more than a year after [the Superior Court's remand, he] remained un-sentenced." Appellant's App. for Bail Pending Resentencing, 9/12/13.

Five months thereafter, on March 10, 2014, Appellant filed a counseled motion to withdraw his guilty plea. Another five months after that, on August 5, 2014, Appellant filed a counseled motion to dismiss the charges

---

[4] There are no corresponding documents in the certified record for the September 27, October 18, and December 13, 2012 docket entries.

[5] Although the trial docket has a filing date of October 1, 2013, for this *pro se* motion, the face of the cover letter for the motion bears two filing stamps: "Received / Sep 12 2013 / Clerk of Court" and "First Judicial District of PA / Criminal Motion Court / Oct 1 – 2013."

due to the delay in sentencing, pursuant to Pa.R.Crim.P. 704.

On August 14, 2014, the court entered separate orders denying the motions to withdraw the plea and to dismiss the charges for a sentencing delay. The court also entered a resentencing order consistent with the terms of the negotiated plea and the Superior Court's remand directive; the new sentence was five to ten years' imprisonment for attempt and a consecutive five to ten years for persons not to possess a firearm. Appellant took this timely appeal.[6]

Appellant's initial brief raises two issues for this Court's review. The first is whether the trial court erred in denying his motion to withdraw his guilty plea. Appellant reasons this motion was made prior to sentencing and thus "the granting of such a request should be liberally allowed." Appellant's Brief at 11. We find no relief is due.

We emphasize that Appellant, represented by the same attorney as in the instant proceedings, previously took a direct appeal from the underlying judgment of sentence. Any appellate challenge to his guilty plea should have been raised at that time. However, Appellant's only claim related to the trial court's sentencing scheme. This Court granted relief on that issue, vacated the judgment of sentence, and remanded solely for the trial court to impose sentence consistent with the terms of the negotiated plea. On

---

[6] Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

remand, the trial court lacked jurisdiction to hear Appellant's motion to withdraw guilty plea. *See Commonwealth v. Lawson*, 789 A.2d 252, 253 (Pa. Super. 2001) ("[W]here a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed."). Accordingly, we find no relief is due.

Appellant's second claim in this appeal is that his resentencing was unduly delayed under Pa.R.Crim.P. 704. He asserts "there is nothing in the record that would justify" "[t]he delay of approximately two years." Appellant's Brief at 12. Appellant avers he has been prejudiced by the delay, as "[h]e was an unsentenced prisoner confined to a state correctional institution under principles and punishments reserved exclusively for sentenced prisoners," and this was a violation of the prohibition against cruel and unusual punishment. *Id.* at 13. We find no relief is due.

Pennsylvania Rule of Criminal Procedure 704(A)(1) sets forth the general rule that a sentence "shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or nolo contendere." Pa.R.Crim.P. 704(A)(1). Subsection (A)(2) provides, "When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension." Pa.R.Crim.P. 704(A)(2).

In *Commonwealth v. Fox*, 953 A.2d 808 (Pa. Super. 2008), however, this Court held, "[B]y [Rule 704's] plain language, it does not

apply to the re-sentencing process following remand. Rule 704 applies only to sentencing after conviction, guilty plea or plea of nolo contendere." ***Id.*** at 812 (emphasis omitted). Nevertheless, the Court held the analysis set forth in ***Commonwealth v. Anders***, 725 A.2d 170 (Pa. 1999), pertaining to dismissals under Rule 704, applied. ***Fox***, 953 A.2d at 812. Under ***Anders***, the factors for "determining whether discharge is appropriate" are: "(1) the length of the delay falling outside Rule 704's 90-day-and-good-cause provisions; (2) the reason for the improper delay; (3) the defendant's timely or untimely assertion of his rights; and (4) any resulting prejudice to the interests protected by his speedy trial and due process rights." ***Id.*** at 811-12. Furthermore, "[p]rejudice should not be presumed by the mere fact of an untimely sentence." ***Id.*** at 812 (citation omitted).

In the case *sub judice*, the trial court summarized:

> [T]he reason for the initial delay of the first four . . . months was at the request of the defense. Thereafter, Appellant filed multiple motions **unrelated** to the re-sentencing, which needed to be reviewed, considered, and either granted or denied **prior** to the re-sentencing. When the issue of the delay was finally brought to the attention of this court by way of motion, the re-sentencing hearing was immediately held a week later. No evidence exists of any bad faith or deliberate intent in the delay.[FN]
>
> _____
>
> [FN] In addition, although this court continues to hear appellate criminal matters assigned to it, this trial judge was assigned to the Family Division within the past twenty-four months . . . and is limited to when it can schedule and hear criminal matters.

Trial Ct. Op., 1/14/15 at 4 & n.3.

We agree there was no prejudice to Appellant. In the prior appeal, the sole, specific relief Appellant sought was resentencing according to the terms of his negotiated plea. This Court granted relief and remanded for the trial court to impose the agreed-upon sentences: two consecutive terms of five to ten years' imprisonment. **Compare Fox**, 953 A.2d at 811-12 (finding original sentence was manifestly excessive and remanding for resentencing, without specification of what term of sentence to impose). Thus, there was no speculation as to what new sentence the court could impose, and Appellant was well aware of the new sentence that would be imposed. Additionally, we note the new aggregate sentence is identical to the original aggregate sentence. We disagree with Appellant's claim that he suffered prejudice because "[h]e was an unsentenced prisoner" and that this was cruel and unusual punishment. **See** Appellant's Brief at 13-15. Because Appellant did not suffer prejudice, we hold the trial court properly denied his motion to dismiss the charges. **See Fox**, 953 A.2d at 811-12.

We now consider Appellant's supplemental brief.[7] Appellant contends for the first time that he received a sentence under 42 Pa.C.S. § 9712.[8] The

---

[7] This brief was filed after this panel granted Appellant's request to file a supplemental brief.

[8] **See** 42 Pa.C.S. § 9712 (stating person convicted of "crime of violence" who, during commission of crime, "visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury," shall be sentenced to minimum term of five years' imprisonment). This

Commonwealth immediately filed a supplemental brief denying the court imposed sentence pursuant to Section 9712, but instead that the "five-to-ten year sentence for aggravated assault was imposed pursuant to a negotiated plea deal." Commonwealth's Supp. Brief at 3.

This panel reviewed the certified record and found no indication that a mandatory sentence under Section 9712 was imposed. Indeed, on the August 14, 2014 resentencing order, the "No" box is checked under the heading "Mandatory Sentence." Order, 8/14/14. Nevertheless, in an abundance of caution, this panel issued an order directing the trial court to confirm whether it imposed a Section 9712 mandatory sentence. The trial court responded, in a memorandum that it did not, and that "[t]he sentence was pursuant to the negotiated guilty plea." Memo. in Lieu of Op., 9/8/15, at 2. In light of the foregoing, we grant no relief on Appellant's supplemental brief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

---

Court recently held Section 9712 is unconstitutional under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). ***Commonwealth v. Valentine***, 101 A.3d 801, 812 (Pa. Super. 2014), *appeal denied*, 800 MAL 2014(Pa. Sept. 23, 2015).

J. S42040/15

Date: <u>11/12/2015</u>