# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeannette M. Holman,     :
      Petitioner  :
           :
    v.       :  No. 890 C.D. 2015
           :  Submitted: November 20, 2015
Unemployment Compensation :
Board of Review,      :
      Respondent  :


BEFORE: HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
     HONORABLE P. KEVIN BROBSON, Judge
     HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**     **FILED: March 2, 2016**


   Petitioner Jeannette M. Holman (Claimant), acting *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed a decision of an unemployment compensation referee (Referee), denying Claimant unemployment compensation benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law),[2]

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides, in part, that a claimant shall be ineligible for compensation for any week in which the claimant's unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. Whether a claimant had cause of a necessitous and compelling nature for leaving work is a question of law subject to this Court's
**(Footnote continued on next page…)**

because Claimant voluntarily quit her employment without cause of a necessitous and compelling nature. For the reasons set forth below, we affirm the Board's order.

Claimant filed for unemployment compensation benefits after she ceased employment with Metro Auto Sales—Philadelphia (Employer). The Lancaster UC Service Center (Service Center) issued a determination finding Claimant eligible for benefits. (Certified Record (C.R.), Item No. 4) The Service Center, having received no information from Employer, found that Claimant was discharged from employment for refusing to move to a sales position. Employer appealed the Service Center's determination, and the matter was assigned to the Referee.

The Referee conducted an evidentiary hearing on May 8, 2014, at which Claimant did not appear. During the hearing, Employer presented the testimony of Joanne Klotz, Employer's Controller, and Oleg Shtutman, Director of Operations.

Ms. Klotz testified that Claimant began working for Employer on August 13, 2012, as a salesperson and was later moved to the parts department. (C.R., Item No. 9 at 3.) She remained in the parts department until March 2014.

---

**(continued…)**

review. *Wasko v. Unemployment Comp. Bd. of Review*, 488 A.2d 388, 389 (Pa. Cmwlth. 1985). A claimant who voluntarily quits his employment bears the burden of proving that necessitous and compelling reasons motivated that decision. *Fitzgerald v. Unemployment Comp. Bd. of Review*, 714 A.2d 1126 (Pa. Cmwlth. 1998), 794 A.2d 364 (Pa. 1999).

2

(*Id.*) Ms. Klotz initially testified that her rate of pay was $7.25 per hour, but she subsequently testified that it was $11.00 per hour. (*Id.*)

Mr. Shtutman testified that he decided to take the parts department in a different direction and offered her a job in sales. (*Id.* at 4.) He told her that they would keep her pay the same and her hours would be similar. (*Id.*) During that discussion, she told him that she had some sort of medical condition and could not stand for long periods of time. (*Id.*) He told her to bring in the medical documentation, and they would honor it. (*Id.*) Mr. Shtutman also testified that when working in the parts department, one stands all the time and there is no sitting. (*Id.*) He offered to accommodate her if she needed accommodation in the sales position. (*Id.* at 5.) Mr. Shtutman initially testified that Claimant went to work in the sales department sometime in March, but she left on April 1 and did not come back or communicate with Employer. (*Id.* at 6.) Mr. Shtutman testified that continuing work was available to her. (*Id.*) He further explained that Claimant told him that she had a doctor's appointment on Saturday, but that she would be in by noon. (*Id.*) She never showed up for work on Saturday. (*Id.* at 7.) She came into work the following Monday, which was March 31, with a doctor's note saying that she could return to work on Saturday. (*Id.*) He clarified that she left work at 5:00 on March 31 (not April 1) and did not return to work on April 1. (*Id.*)

Following the hearing, the Referee issued a decision, which reversed the Service Center's determination, thereby denying Claimant unemployment compensation benefits. (C.R., Item No. 10.) The Referee determined that

Claimant was ineligible for benefits under Section 402(e) of the Law,[3] relating to willful misconduct.[4] Claimant appealed to the Board, which remanded the matter to the Referee for another hearing to receive evidence and testimony regarding Claimant's failure to appear at the earlier hearing and the merits of her claim. The Referee scheduled a second hearing.

Only Ms. Klotz appeared at the second hearing, as Claimant again failed to appear. The Referee received additional testimony from Ms. Klotz in response to a question from the Board as to whether Claimant was demoted. Ms. Klotz testified that Claimant was not demoted. (C.R., Item No. 15 at 2.) She explained that Claimant was going to receive the same salary and have an opportunity to make commissions. (*Id.*) The change was made because the parts department was losing money. (*Id.*) She described the change as more like a promotion. (*Id.*)

Following the second hearing, the Board issued a decision and order, affirming the Referee's decision with modification. The Board concluded that Claimant was ineligible for benefits under Section 402(b) of the Law, because she

---

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides, in part, that a claimant shall be ineligible for compensation for any week in which the claimant's unemployment is due to "willful misconduct in connection with his work."

[4] The Referee found that Claimant quit her job, and he stated that, "[n]ormally, this would require the Referee to decide the case under Section 402(b)" of the Law, relating to voluntary resignation, which places the initial burden of proof on a claimant. (C.R., Item No. 10 at 1.) Because Claimant did not appear at the hearing, the Referee determined that "[i]t would be inappropriate for the Referee to rule under Section 402(b) because that would place the initial burden of proof on a party who was not present at the hearing." (*Id.*) The Referee, therefore, analyzed the matter under Section 402(e) of the Law, relating to willful misconduct, and concluded that Claimant engaged in willful misconduct by failing to show up for work.

had voluntarily quit her employment without cause of a necessitous and compelling nature. In so doing, the Board made the following findings of fact:

1. The claimant was last employed as a full-time sales person with Metro Autosales from August 13, 2012 through March 31, 2014 at a final rate of pay of $11.00 an hour.

2. The claimant was originally in the sales department, was moved to the parts department and was returning to the sales department.

3. The claimant's pay was changed from $11.00 an hour to $7.25 an hour plus commission.

4. The employer believed that the claimant would make more money in sales.

5. The employer told the claimant that if she did not want to work in sales, work was no longer available to the claimant.

6. The claimant was scheduled to work on April 1, 2014, in sales, and failed to show up for work on that day and thereafter.

7. The claimant severed all contact with the employer after March 31.

8. The claimant abandoned her employment in sales.

9. Continuing work was available to the claimant in sales.

10. The claimant did not give the company medical notes indicating that she could not work in sales.

(C.R., Item No. 13.). The Board noted that Section 402(b) of the Law provides that a claimant shall be ineligible for compensation for any week in which unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. The Board reasoned that because Claimant voluntarily left her employment, the burden rested upon her to show cause of a necessitous and compelling nature for so doing, which she did not do. The Board also noted that

5

Claimant's job in the sales department was suitable work. Claimant petitioned this Court for review of the Board's order.

On appeal,[5] Claimant argues that substantial evidence of record does not exist to support the Board's findings of fact. She also argues that the Board erred in concluding that she did not have necessitous and compelling reasons for quitting her job.

With regard to Claimant's argument that substantial evidence does not exist to support the Board's findings of fact, Claimant appears to focus on findings of fact numbers 1, 2, and 3, to the extent that those findings state her rate of pay as $11.00 per hour and fail to acknowledge that she worked in the service department after she worked in the parts department for a short period of time immediately prior to Employer transferring her to the sales department. Claimant contends that her rate of pay was only $9.00 per hour. In support of her argument, she sets forth a narrative of her version of the circumstances that led to her separation from employment with Employer.

Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion. *Johnson v. Unemployment Comp. Bd. of Review*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the

___

[5] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704. Review for capricious disregard of material evidence is an appropriate component for appellate review in every case in which such question is properly brought before the court. *Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe)*, 812 A.2d 478 (Pa. 2002).

benefit of any inferences that can logically and reasonably be drawn from the evidence. *Id.* A determination as to whether substantial evidence exists to support a finding of fact can only be made upon examination of the *record* as a whole. *Taylor v. Unemployment Comp. Bd. of Review*, 378 A.2d 829, 831 (Pa. 1977). The Board's findings of fact are conclusive on appeal only so long as the *record*, taken as a whole, contains substantial evidence to support them. *Penflex, Inc. v. Bryson*, 485 A.2d 359, 365 (Pa. 1984).

The facts set forth in Claimant's narrative, however, are not part of the record in this matter. As noted above, our review is limited to whether substantial evidence *of record* exists. Thus, our review is limited to the evidence presented by Employer during the hearing, and we may not consider Claimant's narrative asserting different facts. Employer's testimony, summarized above, which the Board found to be credible, constitutes substantial evidence of record to support its findings of fact.[6]

With regard to Claimant's argument that the Board erred in concluding that she did not have necessitous and compelling reasons for quitting her employment, Claimant argues that, based upon her version of the facts, she had "good cause and an unreasonable employer." (Petitioner's br. at 9.) She maintains that she was subject to disrespect and verbal abuse and that she initially left work

---

[6] We acknowledge that Employer's testimony regarding Claimant's wages was confusing, and the Board's findings *may* not accurately reflect Employer's testimony as to her rate of pay. Regardless, whether Claimant was being paid $11.00 per hour or $7.25 per hour plus commissions is irrelevant to the Board's analysis. Because that particular finding of fact was not material to the Board's analysis, any error that may be contained in that finding is not a ground for reversal. Moreover, no evidence of record exists to support Claimant's contention that her rate of pay was $9.00.

7

as a salesperson because the hours and conditions affected a medical condition (*i.e.*, herniated discs) that she had. She claims to have provided a doctor's note at some point in time regarding her condition. She claims that she did not abandon her job; rather, she removed herself "from a [h]ostile, [d]isrespectful, and [d]emeaning place." (Petitioner's br. at 11.)

Generally, when a claimant voluntarily leaves work, the claimant bears the burden to establish that she left work for cause of a necessitous and compelling nature in order to be entitled to benefits.[7] *Wasko v. Unemployment Comp. Bd. of Review*, 488 A.2d 388, 389 (Pa. Cmwlth. 1985). Intolerable working conditions may constitute necessitous and compelling reasons to terminate employment.[8] *First Fed. Savings Bank v. Unemployment Comp. Bd. of Review*, 953 A.2d 811 (Pa. Cmwlth. 2008). Similarly, an employee's medical condition or health reason may create cause of a necessitous and compelling nature to terminate (or leave) employment voluntarily.[9] *Deiss v. Unemployment Comp. Bd. of Review*, 381 A.2d 132 (Pa. 1977).

---

[7] In order to establish cause of a necessitous and compelling nature, a claimant must establish that: (1) circumstances existed that produced real and substantial pressure to terminate employment; (2) like circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment. *Procito v. Unemployment Comp. Bd. of Review*, 945 A.2d 261, 264 (Pa. Cmwlth. 2008.)

[8] In *First Federal Savings Bank v. Unemployment Compensation Board of Review*, 953 A.2d 811 (Pa. Cmwlth. 2008), this Court held that a claimant who had demonstrated that she was unjustly reprimanded with abusive language, exposed to intolerable working conditions, and subjected to "uncalled for and incorrect" criticism and ridicule had cause of a necessitous and compelling nature. *First Federal*, 953 A.2d at 817.

[9] To establish health problems as a reason to quit, the claimant must offer competent testimony that adequate health reasons existed to justify the voluntary termination, have informed the employer of the health problems, and be available to work if reasonable **(Footnote continued on next page…)**

Here, Claimant's argument could be interpreted as asserting that she had necessitous and compelling reasons to quit based upon intolerable working conditions, her medical condition, and/or a substantial change in the terms and condition of her employment. Her arguments, again, however, are based upon her narrative of the circumstances surrounding her separation from employment, which is not part of the record. The Board, based upon the record before it, found that Claimant abandoned suitable and available work. The Board made no findings that Claimant's working conditions were intolerable. With regard to Claimant's medical condition, the Board found that Claimant did not give Employer any medical notes indicating that she could not work in sales. None of the Board's findings support a conclusion that Claimant had necessitous and compelling reasons for quitting her employment. Thus, we must conclude that the Board did not err in concluding that Claimant failed to establish necessitous and compelling reasons for voluntarily terminating her employment.[10]

---

**(continued…)**

accommodations can be made. *Ann Kearney Astolfi DMD PC v. Unemployment Comp. Bd. of Review*, 995 A.2d 1286, 1290 (Pa. Cmwlth. 2010).

[10] An employer's unilateral imposition of a substantial change in the terms and conditions of employment also may provide a necessitous and compelling reason for an employee to leave work. *McCarthy v. Unemployment Comp. Bd. of Review*, 829 A.2d 1266, 1270 (Pa. Cmwlth. 2003). For instance, "a reduction in compensation, if substantial enough, will constitute the requisite cause to quit employment contemplated by Section 402(b)." *Steinberg Vision Assocs. v. Unemployment Comp. Bd. of Review*, 624 A.2d 237, 239 (Pa. Cmwlth. 1993). The impact that the employer's changes have upon the employee, not the employer's reasons for instituting the changes, is the focus of the inquiry. *McCarthy*, 829 A.2d at 1271.

Claimant, however, does not appear to argue that she had a necessitous and compelling reason to quit her employment as a result of a change in the terms and conditions of her employment, except to the extent any change may affect her medical condition. Moreover, **(Footnote continued on next page…)**

Accordingly, the order of the Board is affirmed.[11]

_____
P. KEVIN BROBSON, Judge

_____
**(continued…)**

although the Board found that Employer reduced her hourly compensation, thereby changing the terms and conditions of her employment, it also found that Employer believed that Claimant would actually make more money in sales.

[11] Claimant also mentions that she was unaware of the hearing dates. She explains that due to the financial strain of losing her job, she lost her home and "inadvertently missed a lot of mail." (Petitioner's br. at 6.) She provides no other details regarding her circumstances at the time of the mailing of the notice of the first hearing (at which she did not appear), the Referee's decision, (which she appealed), and the notice of the second hearing (at which she did not appear). All of those items appear to have been mailed to the same address. (*See* C.R., Item Nos. 8, 10, and 14.) She does not provide any information as to whether she ever notified unemployment compensation authorities about a change of her address. We observe, however, that the Board's order was mailed to a different address than the hearing notices and Referee's decision, although we see nothing in the file that indicates when or under what circumstances the address was changed. (*See* C.R., Item No. 17.) Claimant, however, does not argue that the Board erred or abused its discretion in failing to schedule a third hearing date to consider whether she had good cause for missing the first two hearing dates. For those reasons, we do not address such issues in this opinion.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeannette M. Holman,              :
                 Petitioner     :
                                 :

               v.               :    No. 890 C.D. 2015
                                 :

Unemployment Compensation    :
Board of Review,              :
                 Respondent   :

# O R D E R

AND NOW, this 2nd day of March, 2016, the order of the Unemployment Compensation Board of Review is AFFIRMED.

------

P. KEVIN BROBSON, Judge