J-A23032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
AHMED MEHRAN SUMIT :
:
Appellant : No. 270 MDA 2021

Appeal from the Judgment of Sentence Entered February 23, 2021
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001378-2019

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: NOVEMBER 2, 2021**

Appellant Ahmed Mehran Sumit appeals the judgment of sentence entered by the Court of Common Pleas of Lycoming County. Appellant argues that the trial court erred in denying his motion to dismiss based on Appellant's allegation that he was denied a "speedy sentence." We affirm.

The trial court summarized the procedural history of this case as follows:

> By way of background, the Commonwealth charged [Appellant] with twenty-four counts of Sexual Abuse of Children – Child Pornography, and one count of Criminal Use of a Communication Facility.[1]
>
> On October 20, 2020, Appellant pleaded guilty to a consolidated count of Sexual Abuse of Children – Child Pornography, a felony of the second degree. The court directed Appellant to undergo an assessment with the Pennsylvania Sexual Offender Assessment Board ("the Board") to determine whether

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 6312(d), 7512, respectively.

he met the criteria for a sexually violent predator. The court scheduled Appellant's sentencing hearing for January 5, 2021.

On January 4, 2021, the Commonwealth requested a continuance of the sentencing hearing. The Commonwealth noted that the Board required 90 days to complete its assessment and requested a sentencing date after January 18, 2021. The court granted the continuance over Appellant's objection and rescheduled the sentencing hearing for February 23, 2021.

On January 5, 2021, Appellant requested modification of his bail so that he could be released from incarceration because his plea agreement was for a time-served sentence. The court denied Appellant's motion.

On February 22, 2021, Appellant filed a motion to dismiss for failure to timely sentence, because the court did not sentence him within 90 days of his guilty plea and it extended or continued his sentencing hearing without "good cause shown."

On February 23, 2021, the court denied Appellant's motion and sentenced Appellant to incarceration in the Lycoming County Prison for a minimum of 220 days and a maximum of 544 days. Appellant completed his sentence on February 23, 2021, but he could not be released except to his Immigration and Customs Enforcement (ICE) detainer.

On February 26, 2021, Appellant filed a notice of appeal.

Trial Court Opinion (T.C.O.), 4/28/21, at 1-3 (footnotes omitted).

Appellant's sole claim on appeal is that "the court erred in not discharging [Appellant] for violating his right to a speedy sentence." Appellant's Brief, at 5. Appellant cites to Pennsylvania Rule of Criminal Procedure 704, which provides in relevant part:

**Rule 704.  Procedure at Time of Sentencing.**

**(A) Time for Sentencing.**

(1) Except as provided by Rule 702(B), sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or *nolo contendere*.

(2) When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension. …

Pa.R.Crim.P. 704(A).

In determining whether Appellant's sentencing violated Rule 704, a court must consider four factors: "the length of the delay, the reason for the delay, the defendant's assertion of his rights, and prejudice to the defendant. In conducting such an analysis, we examine the totality of the circumstances, as no one factor is necessary, dispositive, or of sufficient importance to prove a violation." **Commonwealth v. Diaz**, 51 A.3d 884, 889 (Pa.Super. 2012).

In this case, Appellant entered his guilty plea on October 20, 2020. Appellant was not sentenced until 126 days later on February 23, 2021, beyond the ninety-day limit imposed by Rule 704. The Commonwealth does not challenge the trial court's finding that Appellant timely asserted his rights under Rule 704. As such, we must review the reasons for the delay and whether Appellant suffered prejudice from the delay.

The trial court found that it was necessary to delay Appellant's sentencing as the trial court could not legally sentence Appellant without first requesting an assessment from the Sexual Offenders Assessment Board. **See** 42 Pa.C.S.A. § 9799.24 ("after conviction but before sentencing, a court shall order an individual convicted of a sexually violent offense to be assessed by the board").

The comment to Rule 704(A)(2) acknowledges that this pre-sentence assessment procedure is required by statute and constitutes an extraordinary

circumstance that justifies the extension of the time limit for sentencing set forth in the Rule 704.

> Paragraph (A)(2) is not intended to sanction *pro forma* requests for continuances. Rather, it permits the judge to extend the time limit for sentencing under extraordinary circumstances only. For example, additional pre-sentence procedures may be required by statute. *See* 42 Pa.C.S. §§ 9799.11-9799.41 for pre-sentence assessment and hearing procedures for persons convicted of sexually violent offenses.

Pa.R.Crim.P. 704(A), cmt.

Statutory law defines "sexually violent offense" as an "offense specified in section 9799.1 (relating to sexual offenses and their tier system) as a Tier I, Tier II, or Tier III sexual offense committed on or after December 20, 2012, for which the individual was convicted." 42 Pa.C.S.A. § 9799.12. Appellant pled guilty to Sexual Abuse of Children – Child Pornography under 18 Pa.C.S.A. 6312(d), which is classified as a Tier I sexual offense pursuant to 42 Pa.C.S.A. § 9799.14, in connection with an offense that occurred on February 1, 2018. As such, the trial court was required by statute to order Appellant to submit to the pre-sentence assessment by the Board.

While Appellant suggested that the Commonwealth should be held responsible for the delay in his sentencing, the trial court noted that the Board's failure to conduct the assessment was at least, in part, due to the COVID-19 pandemic restrictions that limited the Board from conducting interviews to complete this assessment.

We agree with the trial court's assessment that the Commonwealth had no part in causing the Board to fail to comply with their statutory duty. We

J-A23032-21

find the delay in Appellant's sentencing was neither intentional or inexcusable conduct on the part of the Commonwealth or the trial court.

Appellant quotes the comment section to Rule 704(A)(1) to support his contention that a trial court may not sentence a defendant more than 120 days after the defendant is convicted or enters a plea.  The comment section related to Rule 704(A) provides that:

> [u]nder paragraph (A)(1), sentence should be imposed within 90 days of conviction or the entry of a plea of guilty or *nolo contendere*, unless the court orders a psychiatric or psychological examination pursuant to Rule 702(B). Such an order should extend the time for sentencing for only as much time as is reasonably required, but in no event should sentencing be extended for more than 30 days beyond the original 90-day limit. In summary appeal cases, however, sentence must be imposed immediately at the conclusion of the *de novo* trial.

Pa.R.Crim.P. 704(A)(1), cmt.

However, Appellant fails to acknowledge that the language in this commentary which suggests that in "no event should sentencing be extended for more than 30 days beyond the original 90-day limit," applies when the trial court delays sentencing to order psychiatric or psychological examination pursuant to Rule 702(B).

Moreover, Appellant has not shown that he was prejudiced by the minimal delay in his sentencing.  "In evaluating a Rule 704 motion for discharge, a defendant must establish actual prejudice." ***Diaz***, 51 A.3d at 891 (quoting ***Commonwealth v. Fox***, 953 A.2d 808, 811 (Pa.Super. 2008)). While Appellant was sentenced 126 days after he entered his guilty plea, he

- 5 -

admitted he was subject to a detainer from ICE and likely would have remained incarcerated pending his proceedings in federal immigration court.

Accordingly, we conclude that the trial court did not err in denying Appellant's motion for discharge under Rule 704.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/02/2021