J-S27003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES RICHARD SCHMIDT | : | |
| | : | |
| Appellant | : | No. 109 WDA 2021 |

Appeal from the Judgment of Sentence Entered January 14, 2021
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000659-2019

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                **FILED:  December 7, 2021**

Appellant, James Richard Schmidt, appeals from the judgment of sentence entered on January 14, 2021, following his guilty plea to one count of sexual abuse of children. 18 Pa.C.S.A. § 6312(d).  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On December 3, 2020, Appellant entered a negotiated guilty plea to the aforementioned offense.  The Commonwealth's recommended sentence, which was incorporated into the parties' agreement, included "a term of intermediate punishment of 24 months with the first six months on [e]lectronic [m]onitoring, the balance on restorative sanctions[,]" plus any court ordered fines and restitution.  N.T., 12/3/2020, at 3.  The Commonwealth noted the crime also constituted a Tier One offense under the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Sexual Offender Registration and Notification Act (SORNA) and Appellant would be required to register as a sex offender for 15 years. *Id.* at 3, 6-7. The trial court accepted the plea agreement, ordered a report from the Sexual Offenders Assessment Board (SOAB), and scheduled sentencing for January 2, 2020. *Id.* at 8. When the SOAB did not provide a court-ordered report to the Commonwealth, the trial court entered an order on January 3, 2020 generally continuing the matter "to be rescheduled upon receipt of the report." Trial Court Order, 1/3/2020, at 1. The Commonwealth received the SOAB report on February 20, 2020. No further action was taken by the trial court or the Commonwealth at that time.

On November 5, 2020, Appellant filed a motion to dismiss the charge against him. Citing Pa.R.Crim.P. 704, Appellant alleged that the Commonwealth failed to exercise due diligence in sentencing him in a timely fashion. The trial court held a hearing on Appellant's motion to dismiss on December 4, 2020. Appellant argued that he was "on pre-trial supervision as part of his bond" for two years and "if he had been sentenced, he would have at least a year already into his sentence [and h]is house arrest period would have been done." N.T., 12/4/2020, at 3. Appellant averred that despite his compliance with bond requirements, "he [was] not entitled to credit towards his sentence [and,] therefore, in essence denied the benefit of his [] plea agreement." *Id.* In response, the Commonwealth argued that Appellant was not prejudiced because he rejected the Commonwealth's subsequent offer to reduce his negotiated sentence "to 12 months' probation to essentially give

- 2 -

[Appellant] credit for the 12 months he[ was] on pre-trial [supervision] since his plea date." *Id.* at 4. Finding no prejudice to Appellant, the trial court denied Appellant's motion to dismiss and scheduled sentencing. *Id.* at 5. The trial court entered an order denying Appellant's motion to dismiss on December 8, 2020. On January 14, 2021, the trial court held a hearing and sentenced Appellant "pursuant to the plea agreement[.]" N.T., 1/14/2021, at 4. The trial court filed a sentencing order the same day. This timely appeal resulted.[1]

On appeal, Appellant presents the following issue for our review:

Whether the trial court erred as a matter of law[] or abused its discretion by denying Appellant's motion to dismiss pursuant to Pa.R.Crim.P. 704?

Appellant's Brief at 10 (complete capitalization omitted).

Pennsylvania Rule of Criminal Procedure 704 provides that "sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty[.]" Pa.R.Crim.P. 704(A)(1). "When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension." Pa.R.Crim.P. 704(A)(2). "Failure to sentence within the time specified in paragraph (A) may result in the discharge

_____

[1] Appellant filed a notice of appeal on January 15, 2021. On January 21, 2021, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on January 25, 2021. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 25, 2021.

- 3 -

of the defendant." Pa.R.Crim.P. 704, Comment, *citing* **Commonwealth v. Anders**, 725 A.2d 170 (Pa. 1999) (discharge is appropriate remedy for violation of Rule 704 time limits, but only if the defendant can demonstrate that the delay in sentencing was prejudicial to the defense).

We have previously determined:

[…When considering] whether discharge is appropriate, the trial court should consider: (1) the length of the delay falling outside Rule 704's 90-day–and–good–cause provisions; (2) the reason for the improper delay; (3) the defendant's timely or untimely assertion of his rights; and (4) any resulting prejudice to the interests protected by his speedy trial and due process rights. Prejudice should not be presumed by the mere fact of an untimely sentence.

**Commonwealth v. Fox**, 953 A.2d 808, 811–812 (Pa. Super. 2008) (internal citations omitted).

In weighing the prejudice that emerges from a delay in the imposition of a criminal sentence, our Supreme Court has stated:

prejudice to the defendant, must be assessed within the context of those interests which the speedy trial right protects: (1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety and concern; and (3) limiting the impairment of the defense. The last consideration, impairment of or prejudice to the defense, represents the most serious of these three concerns, because the inability of a defendant adequately to properly prepare his case for trial skews the fairness of the entire system.

**Commonwealth v. DeBlase**, 665 A.2d 427, 436 (Pa. 1995), *citing* **Barker v. Wingo**, 407 U.S. 514, 532 (1972).

"Because evidentiary hearings are necessary under Pa.R.Crim.P. 704, it follows that whether to discharge a defendant [] cannot be a pure question of

law for *de novo* review by this Court." ***Commonwealth v. Neysmith***, 192 A.3d 184, 192 (Pa. Super. 2018). Thus, we have "conclude[d] that whether discharge is required when sentencing occurs after the 90 days under Rule 704 presents a mixed question of fact and law." ***Id.*** Since Rule 704 requires "courts to evaluate amorphous concepts such as 'length of delay,' 'good cause,' and 'prejudice[]' [which] are case-specific and fact-intensive[,] we [have] conclude[d] that factual aspects predominate this mixed question of law and fact, and the trial judges sit in the best position to determine the causes and impacts of delays in their own courtrooms." ***Id.*** "Hence, we defer to the trial court's judgment on this issue of alleged undue delay and shall reverse only for an abuse of discretion." ***Id.*** "We have long held that mere errors in judgment do not amount to abuse of discretion; instead, we look for manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Id.*** (internal citations and quotation omitted). "In addition, a trial court abuses its discretion if the law is overridden or misapplied." ***Id.*** at 193 (internal quotation and citations omitted). "[O]ur scope of review is limited to the evidence on the record of the Rule 704 evidentiary hearing and the factual findings of the trial court. Also, we must view the facts found in the light most favorable to the prevailing party." ***Id.***

Appellant contends that he encountered unnecessary and unreasonable delay in sentencing, arguing that the trial court violated Pa.R.Crim.P. 704 in two ways: 1) failing to provide a specific time-frame for sentencing when

generally continuing the matter for the preparation of a report from the SOAB; and, 2) finding Appellant was not prejudiced by the delay. Appellant's Brief at 14. Appellant maintains:

> […T]he length of delay falling outside of the 90[-]day time frame set forth by Pa.R.Crim.P. 704 is substantial. [Appellant] was ultimately sentence[d] over one year from his original sentence[ing] date and one year less one month following the SOAB assessment. No viable reason has been submitted to justify such a delay. The error began with the trial court's failure to set forth a specific time frame for the extension of sentencing and was followed by the Commonwealth's seeming complete inattention. The Commonwealth presented no reason, nor did the trial court make any finding of good cause for the delay. It was [] Appellant's actions in filing a [m]otion to [d]ismiss that was the impetus for any movement of his case. The trial court found Appellant's argument regarding resulting prejudice from the delay unpersuasive. However, the delay did result in cognizable prejudice to [] Appellant and therefore, dismissal is the appropriate remedy.

*Id.* at 17-18. More specifically, Appellant contends:

> [he] had significant limitations placed on him pursuant to the conditions of pretrial services [while on non-monetary bond]. Those conditions remained in place for almost [two] years, including one year which was the result of the unnecessary delay in this matter. Appellant is not entitled to any credit towards his sentence for that nearly two[-]year time period, but nevertheless, he diligently reported and complied with probation conditions. Appellant can never recoup that time. The pretrial conditions are identical to that of a probation sentence. In essence, Appellant was serving a probation sentence without having been sentenced.[2]

_____

2 Appellant avers that he was required to report to, and follow the instructions of, the Office of Adult Probation; obtain permission to change residences or travel outside Butler County; report any contact with law enforcement; abstain from and submit to testing for alcohol or controlled substance use; relinquish
*(Footnote Continued Next Page)*

*Id.* at 19. Appellant also claims that his inability to begin his sentence and complete his SORNA registration caused him anxiety and concern and, therefore, prejudiced him. *Id.* at 20. Accordingly, Appellant argues that the trial court erred by denying his motion to dismiss pursuant to Pa.R.Crim.P. 704.

Here, the trial court found that Appellant failed to demonstrate prejudice.[3] Trial Court Opinion, 2/25/2021, at 2. We agree. The trial court recognized that Appellant was not incarcerated prior to sentencing. *Id.* Accordingly, the conditions of his bond and pretrial services did not qualify as "oppressive pretrial incarceration" under the facts of this case.[4] Moreover,

---

possession of firearms; authorize searches of his person and property; and refrain from any unsupervised contact with minors. Appellant's Brief at 18-19.

[3] We note that the Commonwealth concedes that it did "not have good cause for the delay in sentencing" and that "sentencing was delayed due to negligence, not some intentional delay on the part of the Commonwealth." Commonwealth's Brief at 5-6. As such, we confine our review to whether Appellant was prejudiced by the delay.

[4] Appellant does not cite any authority to suggest that pretrial services or probation constitute oppressive pretrial incarceration. Upon independent review, we note that our Supreme Court has held that under the Pennsylvania Sentencing Code, "[t]ime spent on bail release [] does not qualify as custody for purposes of [] credit against a sentence of incarceration." *Commonwealth v. Kyle*, 874 A.2d 12, 20 (Pa. 2005). "Bail is neither a form of, nor in any way synonymous with, custody or imprisonment; rather, it is a form of **release** from custody." *Id.* (emphasis in original), *citing* *Commonwealth v. Chiappini*, 782 A.2d 490, 503 (Pa. 2001), *abrogated on other grounds*. "[C]ommon bail conditions (such as surrendering a passport, a stay-away order, drug testing or a reporting requirement), which defendants often welcome, and even request, [are] desirable means of avoiding
*(Footnote Continued Next Page)*

Appellant pled guilty to the charged offense before the delay in sentencing. At the time of the plea, Appellant had already negotiated his sentence. Thus, Appellant knew that he would be sentenced in accordance with his plea agreement, which included a term of 24 months of intermediate punishment with the first six months on house arrest, together with a SORNA reporting requirement lasting 15 years. Once the trial court accepted Appellant's guilty plea, it minimized Appellant's anxiety and concern over the imposition of his sentence. Furthermore, Appellant's guilty plea eliminated his need to adequately prepare his case for trial and, thus, his defense clearly was not impaired by the delay in sentencing. Viewing the totality of the evidence in the light most favorable to the Commonwealth as required, because Appellant has not demonstrated he was prejudiced, we discern no abuse of discretion in the delay in sentencing Appellant. Accordingly, Appellant's sole appellate issue lacks merit.

Judgment of sentence affirmed.

_____

placement in actual custody in an institutional prison setting." *Kyle*, 874 A.2d at 21. The *Kyle* Court noted that "the very nature of bail" almost always imposes some type of restriction on a defendant, but that "[p]lainly stated, an individual who is released from custody cannot be said to be in custody." *Id.* at 22 (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/7/2021